# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### September 10, 2015 Session

## STATE OF TENNESSEE v. JAMES D. WOODEN

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Bradley County**
**Nos. 96297, 97133      Carroll L. Ross, Judge**

_____

**No. E2014-01069-SC-R11-CD – Filed December 2, 2015**
_____

We granted this appeal to determine whether a party filing a motion under Tennessee Rule of Criminal Procedure 36.1 ("Rule 36.1") states a colorable claim for relief for correction of an illegal sentence by alleging that the trial court increased his sentence above the statutory presumptive minimum sentence but failed to find enhancement factors justifying the increase. Answering this question requires us to determine the meaning of two terms used in Rule 36.1—"colorable claim" and "illegal sentence." We hold that the definition of "colorable claim" in Rule 28, section 2(H) of the Rules of the Tennessee Supreme Court applies to the term "colorable claim" in Rule 36.1. Additionally, we conclude that the definition of "illegal sentence" in Rule 36.1 is coextensive with, and actually mirrors, the definition this Court has applied to the term for purposes of habeas corpus proceedings. Compare Tenn. R. Crim. P. 36.1(a), with Cantrell v. Easterling, 346 S.W.3d 445, 452 (Tenn. 2011). Taking the allegations of the Rule 36.1 motion in this case as true and viewing them in the light most favorable to the moving party, we conclude that the moving party has failed to allege a colorable claim for correction of an illegal sentence. Accordingly, the judgment of the Court of Criminal Appeals affirming the trial court's denial of the Rule 36.1 motion is affirmed.

### Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed

CORNELIA A. CLARK, J., delivered the opinion of the Court, in which SHARON G. LEE, C.J., and JEFFREY S. BIVINS and HOLLY KIRBY, JJ., joined.

James R. Stovall, Knoxville, Tennessee, for the appellant, James Wooden.

Herbert H. Slatery III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; Rachel E. Willis, Senior Counsel; Steven Bebb, District Attorney General; and Carl Petty, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I. Factual and Procedural Background

The following facts are derived from the single-volume technical record included in the record on appeal. On August 12,1996, James D. Wooden ("Mr. Wooden") pleaded guilty to aggravated burglary, a Class C felony, and theft of property valued over $1,000, a Class D felony, in Bradley County Criminal Court ("Criminal Court") case number 96-297. Based upon this plea, the Criminal Court classified Mr. Wooden as a Range I standard offender and imposed a three-year sentence for the aggravated burglary conviction and a two-year sentence for the theft conviction. The Criminal Court ordered these sentences served concurrently but suspended the sentences upon Mr. Wooden's service of thirty days in jail.

On September 23, 1997, Mr. Wooden was tried in the Criminal Court in case number 97-133 on the charge of aggravated robbery. The charged offense allegedly occurred on January 15, 1997. A jury convicted Mr. Wooden of the lesser-included offense of facilitation of aggravated robbery, a Class C felony. See Tenn. Code Ann. § 39-13-402(b) (2014); id. § 39-11-403(b) (2014).[1] The Criminal Court classified Mr. Wooden as a Range I standard offender, which placed him in a three-to-six-year sentencing range, see id. § 40-35-112(a)(3) (2014), with the statutory presumptive sentence established as "the minimum sentence in the range if there are no enhancement or mitigating factors," see id. §40-35-210(c) (Supp. 1996).[2] Mr. Wooden received a five-

---

[1] The text of most of the statutes relevant to the issues in this appeal has not changed; thus, quotations and citations in this opinion are to the current statutes, unless specifically noted otherwise.

[2] The current version of this statute provides:

The court shall impose a sentence within the range of punishment, determined by whether the defendant is a mitigated, standard, persistent career or repeat violent offender. In imposing a specific sentence within the range of punishment, the court shall consider, but is not bound by, the following advisory sentencing guidelines:

(1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the [G]eneral [A]ssembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

year sentence in case number 97-133. Additionally, the Criminal Court revoked Mr. Wooden's probation, reinstated the sentences he had received in case number 96-297, and ordered all sentences served concurrently, for an effective five-year sentence.

Almost seventeen years later, on May 1, 2014, Mr. Wooden filed pro se in the Criminal Court a motion under Rule 36.1. Mr. Wooden alleged that his sentences in case numbers 96-297 and 97-133 were illegal because the sentences were "raised above the presumptive sentence without enhancement factors being placed on the record [by the Criminal Court] as required by statute." Mr. Wooden alleged an additional illegality as to his sentence for case number 97-133, arguing that the Criminal Court should have ordered it served consecutively to the sentences in case number 96-297 because a statute required consecutive service of a sentence for an offense committed while on probation. See Tenn. Code Ann. § 40-35-115(b)(6) (2014) (stating that a court "may order sentences to run consecutively" if "[t]he defendant is sentenced for an offense committed while on probation").

On May 14, 2014, the Criminal Court denied Mr. Wooden's Rule 36.1 motion. The Criminal Court did not appoint counsel, hold a hearing, or wait for a response to be filed. The Criminal Court explained that, "[a]fter review of the corresponding court files," it had determined that Mr. Wooden's sentences had expired and had concluded that it had no jurisdiction to rule on Rule 36.1 motions relating to "expired cases."

Mr. Wooden appealed, still proceeding pro se. On appeal, he contended that the Criminal Court erred by dismissing his motion for lack of jurisdiction based on his sentences having expired and reiterated the claims stated in his Rule 36.1 motion regarding the illegality of his sentences. The State argued in its brief that the trial court's dismissal should be affirmed because Mr. Wooden had failed to present a colorable claim for relief under Rule 36.1.[3]

The Court of Criminal Appeals agreed with the State's argument. Specifically, the intermediate appellate court concluded that Mr. Wooden had failed to state a colorable claim regarding his sentences in case number 96-297 because he had received the minimum sentences for each offense. The Court of Criminal Appeals further explained that any error the Criminal Court made by increasing the sentence in case number 97-133

---

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c) (2014).

[3] The State did not ask the Court of Criminal Appeals to affirm the trial court's conclusion that it lacked jurisdiction to decide Mr. Wooden's motion because his sentences had expired. Nor did the State argue that Mr. Wooden's motion was moot as a result of the expiration of his sentences.

above the statutory presumptive minimum "would have resulted in . . . a voidable judgment rather than an illegal sentence" and was therefore not enough to establish a colorable claim for relief under Rule 36.1. State v. Wooden, E2014-0169-CCA-R3-CD, 2014 WL 7366984, at *2 (Tenn. Crim. App. Dec. 26, 2014). The Court of Criminal Appeals also rejected Mr. Wooden's claim that his sentence in case number 97-133 was illegal because the Criminal Court ordered it served concurrently, rather than consecutively to the sentences in case number 96-297. The intermediate appellate court explained that the statute on which Mr. Wooden relied, Tennessee Code Annotated section 40-35-115(b)(6), permitted but did not require consecutive service of sentences imposed for offenses committed on probation. Id. Based on its conclusion that Mr. Wooden had failed to state a colorable claim for relief under Rule 36.1, the intermediate appellate court declined to determine "whether the expiration of his sentences ha[d] rendered his claim moot." Id.

Mr. Wooden timely filed in this Court an application for permission to appeal. See Tenn. R. App. P. 11. This Court granted Mr. Wooden's pro se application and appointed counsel to represent him before this Court. State v. Wooden, No. E2014-01069-SC-R11-CD (Tenn. May 15, 2015) (order granting the application, appointing counsel, and providing instructions for the scheduling of oral arguments).[4]

## II. Standards of Review

Whether Mr. Wooden's motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies. See Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)) (applying de novo review to determine whether a sentence is illegal for purposes of habeas corpus relief); Arnold v. State, 143 S.W.3d 784, 786 (Tenn. 2004) (citing Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002)) (reviewing de novo the issue of whether a post-conviction petition states a colorable claim for relief). De novo review also applies to our construction and interpretation of Rule 36.1. State v. Johnson, 342 S.W.3d 468, 471 (Tenn. 2011) (citing State v. Ferrante, 269 S.W.3d 908, 911 (Tenn. 2008)). In construing rules of procedure, such as Rule 36.1, we apply generally the same rules of construction that are used to construe statutes. Id. (citing State v. Crowe, 168 S.W.3d 731, 744 (Tenn. 2005)). As is true of statutory construction, our primary objective is to effectuate the intent of the rule "without broadening or

---

[4] The Court is grateful to attorney James Stovall of the Knoxville law firm of Ritchie, Dillard, Davies and Johnson for providing Mr. Wooden with outstanding representation in the proceedings before this Court.

restricting the intended scope of the rule." Fair v. Cochran, 418 S.W.3d 542, 544 (Tenn. 2013) (citing Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995)).

### III. Analysis

In this Court, Mr. Wooden asserts that his allegations that the Criminal Court contravened a statute by increasing his sentence in case number 97-133 above the presumptive minimum without finding enhancement factors to justify the increase were sufficient to state a colorable claim for relief under Rule 36.1. He also argues that the Court of Criminal Appeals disregarded Rule 36.1's unambiguous language and conflated motions under Rule 36.1 with habeas corpus petitions when it concluded otherwise.[5] The State asserts that the Court of Criminal Appeals correctly concluded that Mr. Wooden's allegations were not sufficient to state a colorable claim for relief under Rule 36.1. A review of the development of Tennessee law regarding the correction of illegal sentences is helpful to a proper understanding of Rule 36.1.

### A. Correcting Illegal Sentences

In 1978, this Court recognized that, "[a]s a general rule, a trial judge may correct an illegal, as opposed to a merely erroneous, sentence at any time, even if it has become final." State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). Nevertheless, when we announced this principle in Burkhart, we did not simultaneously establish a procedure for requesting correction of an allegedly illegal sentence. Moreover, the Tennessee Rules of Criminal Procedure, which became effective in 1979, only one year after Burkhart, also failed to specify any procedure for making such requests. Cantrell v. Easterling, 346 S.W.3d 445, 453 (Tenn. 2011). In the absence of any explicit procedure, parties used the procedural mechanism that the defendant in Burkhart had used—a motion to the sentencing court requesting correction of an illegal sentence. See Moody v. State, 160 S.W.3d 512, 515 (Tenn. 2005) (citing Cox v. State, 53 S.W.3d 287, 291 (Tenn. Crim. App. 2001)). One disadvantage of this procedure, however, was that the Tennessee Rules of Appellate Procedure, which also became effective in 1979,[6] did not authorize an appeal as of right from a trial court's decision on a motion to correct an illegal sentence. Moody, 160 S.W.3d at 516. Thus, like the defendant in Burkhart, parties relied upon the

---

[5] Mr. Wooden has not renewed his assertion that his sentences in case number 96-297 were illegal or his assertion that his sentence in case number 97-133 was illegal because it was ordered to be served concurrently with the sentences imposed in case number 96-297. Another opinion filed today addresses the question of whether Rule 36.1 authorizes relief from expired illegal sentences. State v. Brown, __ S.W.3d ___, No. E2014-00673-SC-R11-CD (Tenn. 2015).

[6] Tenn. R. App. P. 49 (stating that the rules "shall take effect on July 1, 1979").

discretionary common law writ of certiorari to obtain appellate review of trial court orders denying motions to correct illegal sentences. Moody, 160 S.W.3d at 515.

In 2005, in Moody, this Court confronted the question of whether motions for correction of illegal sentences and petitions for writ of certiorari were the proper procedural vehicles for raising and appealing challenges to illegal sentences. Id. at 514. After the trial court dismissed Mr. Moody's motion to correct an illegal sentence, he sought to appeal by filing a petition for writ of certiorari with the Court of Criminal Appeals, but the intermediate appellate court declined to issue the discretionary writ. Id. This Court granted review and began the analysis by affirming the rule announced in Burkhart—that an allegedly illegal sentence may be challenged at any time. Id. at 516. Nevertheless, the Moody Court rejected the Burkhart procedure and clarified that "the proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus, the grant or denial of which can then be appealed under the Rules of Appellate Procedure." Id. (citing Stephenson v. Carlton, 28 S.W.3d 910, 912 (Tenn. 2000)).

After Moody settled the question of the proper procedure for seeking correction of an illegal sentence, this Court's attention turned to providing guidance as to the types of sentences that should be viewed as "illegal" for purposes of habeas corpus relief. We enumerated the following four non-exclusive categories of illegal sentences:

> (1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [release eligibility date] where a [release eligibility date] is specifically prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute[.]

Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010) (citations omitted). The following year, we returned to the topic and provided a more general definition, stating that "[a]n illegal sentence is one which is 'in direct contravention of the express provisions of [an applicable statute], and consequently [is] a nullity.'" Cantrell, 346 S.W.3d at 452 (quoting Burkhart, 566 S.W.2d at 873). We also included within the definition of "illegal sentences" those sentences which are "not authorized under the applicable statutory scheme." Id. (citing Davis, 313 S.W.3d at 759).

Significantly, however, neither Moody nor Cantrell provided the State with a means of seeking correction of an illegal sentence. Although Moody identified habeas corpus relief as the proper procedural vehicle, habeas corpus relief then and now is only available to "person[s] imprisoned or restrained of liberty." Tenn. Code Ann. § 29-21-101(a) (2012) (emphasis added). Moreover, although Rule 36 of the Tennessee Rules of Criminal Procedure provided a method for correcting clerical mistakes in judgments, orders, or the record, it did not provide the State with a means of correcting illegal

sentences. <u>See</u> <u>Wilkerson v. Carlton</u>, No. E2007-02453-CCA-R3-HC, 2008 WL 4949227, at *5 (Tenn. Crim. App. Nov. 20, 2008) (quoting <u>State v. Thomas</u>, No. 03C01-9504-CR-00109, 1995 WL 676396, at *1 (Tenn. Crim. App. Nov. 15, 1995)) (cited with approval in <u>Cantrell</u>, 346 S.W.3d at (Tenn. 2011)); <u>see also</u> <u>Lee v. State</u>, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *3 (Tenn. Crim. App. Mar. 7, 2014). Moreover, this Court specifically recognized in <u>Cantrell</u> that the Tennessee Department of Correction ("TDOC") lacked authority to "correct" what it perceived to be errors, clerical or otherwise, in judgment orders and is required to "enforce judgment orders as they are written." <u>Cantrell</u>, 346 S.W.3d at 457; <u>see also</u> <u>Burkhart</u>, 566 S.W.2d at 873 (recognizing that TDOC "may not alter the judgment of a court, even if that judgment is illegal").

### B. Tennessee Rule of Criminal Procedure 36.1

Against this jurisprudential backdrop, Rule 36.1 was adopted, effective July 1, 2013, with the express purpose "to provide a mechanism for the defendant *or the State* to seek to correct an illegal sentence." Tenn. R. Crim. P. 36.1 advisory comm'n cmt. (emphasis added). At the same time, Rule 3 of the Tennessee Rules of Appellate Procedure was "amended to provide for an appeal as of right from the trial court's ruling on a motion filed under Rule 36.1 to correct an illegal sentence." <u>Id.</u>

This is the first appeal to this Court involving the proper interpretation of Rule 36.1, although the Court of Criminal Appeals has interpreted it on numerous occasions. As relevant to this appeal, Rule 36.1 provides as follows:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. *For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.*

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. *If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant.* The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

. . . .

> (d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1(a), (b), (c)(1), (d) (emphasis added). The procedure prescribed by Rule 36.1 differs from the procedure applicable to habeas corpus petitions challenging illegal sentences in at least two ways. First, Rule 36.1 addresses the void that existed when Burkhart, Moody and Cantrell were decided by authorizing *the State* to seek correction of an illegal sentence. Second, unlike a habeas corpus petition, which generally must be filed in a court in the county where the petitioner is incarcerated,[7] a motion under Rule 36.1 must be filed "in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). Neither of these differences is determinative of this appeal. Rather, this appeal turns on the meaning of "colorable claim" and "illegal sentence" for purposes of Rule 36.1(a).

### C. *"Colorable Claim"*

Rule 36.1 does not define "colorable claim." Nevertheless, this term is defined for purposes of post-conviction relief as follows: "A colorable claim is a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H). Since the Court of Criminal Appeals first interpreted "colorable claim" in Rule 36.1, and in many subsequent decisions, the intermediate appellate court has uniformly incorporated into Rule 36.1 the foregoing post-conviction definition of the term. See, e.g., State v. Greene, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014), perm. app. denied (Tenn. Dec. 18, 2014); State v. Morrow, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug. 13, 2014); State v. Robinson, No. E2014-00393-CCA-R3-CD, 2014 WL 5393240, at *2 (Tenn. Crim. App. Oct. 22, 2014); Adams v. State, No. M2014-01025-CCA-R3-CD, 2014 WL 7177943, at *3 (Tenn. Crim. App. Dec. 17, 2014); Booker v. State, No. M2014-00846-CCA-R3-CD, 2014 WL 7191041, at *2 (Tenn. Crim. App. Dec. 18, 2014); State v. Brimmer, No. E2014-01393-CCA-R3-CD, 2014 WL 7201795, at *2 (Tenn. Crim. App. Dec. 18, 2014), perm. app. denied (Tenn. Apr. 10, 2015); State v. Wall, No.

---

[7] See Tenn. Code Ann. § 29-21-105 (2012) (stating that a habeas corpus petition should be filed with "the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge"); Carter v. Bell, 279 S.W.3d 560, 562 (Tenn. 2009) (discussing section 29-21-105).

W2014-00782-CCA-R3-CO, 2014 WL 7332113, at *3 (Tenn. Crim. App. Dec. 23, 2014); State v. Talley, No. E2014-01313-CCA-R3-CD, 2014 WL 7366257, at *2 (Tenn. Crim. App. Dec. 26, 2014); Edwards v. State, No. W2014-01463-CCA-R3-CO, 2014 WL 7432166, at *2 (Tenn. Crim. App. Dec. 30, 2014), perm. app. denied (Tenn. May 19, 2015); State v. Sean, No. W2014-00856-CCA-R3-CO, 2015 WL 112801, at *2 (Tenn. Crim. App. Jan. 8, 2015); State v. Malone, No. M2014-01316-CCA-R3-CD, 2015 WL 197243, at *1 (Tenn. Crim. App. Jan. 15, 2015), perm. app. denied (Tenn. Mar. 16, 2015); State v. Williams, No. E2014-01068-CCA-R3-CD, 2015 WL 1291137, at *2 (Tenn. Crim. App. Mar. 19, 2015), perm. app. denied (Tenn. June 15, 2015); Johnson v. State, No. W2014-01779-CCA-R3-CO, 2015 WL 1454525, at *2 (Tenn. Crim. App. Mar. 27, 2015), perm. app. denied (Tenn. June 11, 2015); State v. Thompson, No. E2014-01358-CCA-R3-CD, 2015 WL 1548852, at *3 (Tenn. Crim. App. Apr. 1, 2015); Bradfield v. State, No. W2014-01735-CCA-R3-PC, 2015 WL 2394023, at *2 (Tenn. Crim. App. May 18, 2015), perm. app. denied (Tenn. Sept. 16, 2015); State v. King, No. M2014-01478-CCA-R3-CD, 2015 WL 2447214, at *2 (Tenn. Crim. App. May 22, 2015); State v. Williams, No. W2014-02108-CCA-R3-CD, 2015 WL 3407472, at *2 (Tenn. Crim. App. May 28, 2015); State v. Freeman, No. M2014-02174-CCA-R3-CD, 2015 WL 3550022, at *2 (Tenn. Crim. App. June 8, 2015); State v. Carey, No. M2015-00185-CCA-R3-CD, 2015 WL 4077056, at *2 (Tenn. Crim. App. July 6, 2015), perm. app. denied (Tenn. Oct. 15, 2015); State v. Jeffries, No. W2014-02464-CCA-R3-CD, 2015 WL 4099836, at *2 (Tenn. Crim. App. July 7, 2015); State v. Jones, No. E2014-02463-CCA-R3-CD, 2015 WL 4505959, at *2 (Tenn. Crim. App. July 24, 2015), perm. app. denied (Tenn. Oct. 16, 2015); State v. Robinson, No. W2015-00245-CCA-R3-CD, 2015 WL 4557296, at *1 (Tenn. Crim. App. July 29, 2015); State v. Dean, No. E2014-02169-CCA-R3-CD, 2015 WL 5031775, at *3 (Tenn. Crim. App. Aug. 6, 2015); State v. Jarnigan, No. E2015-00061-CCA-R3-CD, 2015 WL 5014514, at *2 (Tenn. Crim. App. Aug. 25, 2015); State v. Gagne, No. E2015-00502-CCA-R3-CD, 2015 WL 5121399, at *2 (Tenn. Crim. App. Aug. 31, 2015); State v. Walton, No. E2014-01957-CCA-R3-CD, 2015 WL 5554561, at *2 (Tenn. Crim. App. Sept. 21, 2015); State v. McCrobey, No. E2014-01953-CCA-R3-CD, 2015 WL 5697308, at *3 (Tenn. Crim. App. Sept. 29, 2015); State v. Lindsey, No. E2014-02096-CCA-R3-CD, 2015 WL 5692072, at *2 (Tenn. Crim. App. Sept. 29, 2015); Winters v. State, No. E2015-00268-CCA-R3-CD, 2015 WL 5692145, at *2 (Tenn. Crim. App. Sept. 29, 2015).

Neither the State nor Mr. Wooden takes issue with interpreting Rule 36.1 as incorporating the definition of colorable claim provided in Tennessee Supreme Court Rule 28, section 2(H). We agree as well that the term has the same general meaning in both contexts. More precisely stated, we conclude, for purposes of Rule 36.1, that "colorable claim" means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1.

The Court of Criminal Appeals has held that stating a colorable claim for relief under Rule 36.1 does not require the moving party to support its motion with documents from the record of the underlying proceeding in which the allegedly illegal sentence was imposed. Brady v. State, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *6 (Tenn. Crim. App. Dec. 19, 2013) ("Under the liberal terms of Rule 36.1, the petitioner's raising a colorable claim would entitle him to the appointment of counsel and a hearing on his claim, even without any documentation from the underlying record to support his claim."), perm. app. denied (Tenn. May 28, 2014). On the other hand, the Court of Criminal Appeals has emphasized that a Rule 36.1 motion must include factual allegations concerning the basis of the illegal sentence claim in order to state a colorable claim for relief. Williams, 2015 WL 1291137, at *2 ("[A] motion to correct an illegal sentence must include a factual allegation to support the assertion that the sentence was illegal.").

As the Court of Criminal Appeals has noted, and as the State and Mr. Wooden point out in this appeal, Rule 36.1 is silent as to the nature of the factual allegations and documentation required to state a colorable claim. In the face of this silence, we turn to another rule of criminal procedure, which prescribes the form and content of motions—Tennessee Rule of Criminal Procedure 47 ("Rule 47"). Rule 47 makes clear that, unless made during a trial or a hearing, motions "shall be in writing" and "shall state . . . with particularity the grounds on which it is made[] and . . . the relief or order sought." Tenn. R. Crim. P. 47(b), (c). Rule 47 also permits motions to "be supported by affidavit." Tenn. R. Crim. P. 47(d).

Considering the text of Rule 47, along with that of Rule 36.1, we conclude that, at a minimum, any motion filed under Rule 36.1 must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based. Additionally, the moving party may support the motion with affidavits. Finally, when determining whether a Rule 36.1 motion sufficiently states a colorable claim, a trial court may consult the record of the proceeding from which the allegedly illegal sentence emanated. Indeed, by requiring Rule 36.1 motions to be filed "in the trial court in which the judgment of conviction was entered," Rule 36.1 ensured that a trial court considering a Rule 36.1 motion would have ready access to the record of the proceedings from which the allegedly illegal sentence(s) arose.

In this case, Mr. Wooden included in his motion sufficiently specific factual allegations describing the basis of his claim for relief from an allegedly illegal sentence. In addition, Mr. Wooden attached copies of the judgment documents that reflected the sentences he attacked as illegal in his Rule 36.1 motion. The allegations in Mr. Wooden's motion, and the judgment documents he submitted in support of his motion, are sufficient to enable a court to determine whether Mr. Wooden has stated a colorable claim for relief under Rule 36.1.

Additionally, we agree with the Court of Criminal Appeals that an appellate court may determine, in the first instance, whether the allegations of a Rule 36.1 motion, and any supporting materials, state a colorable claim for relief under Rule 36.1. See, e.g, Greene, 2014 WL 3530960, at *3. Indeed, appellate courts are well-versed in making such legal determinations. See Arnold, 143 S.W.3d at 786.

But, before considering whether the allegations of Mr. Wooden's motion and the judgment documents submitted along with it state a colorable claim for relief under Rule 36.1, we must first consider Mr. Wooden's assertion that the term "illegal sentence" in Rule 36.1 has a meaning distinct from the meaning this Court assigned to it for purposes of habeas corpus petitions challenging illegal sentences.

### D. Illegal Sentence

Rule 36.1(a) provides that an illegal sentence is "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). The Rule 36.1 definition mirrors that adopted by this Court in 2011, when defining the term for purposes of habeas corpus petitions seeking correction of illegal sentences. We stated, in particular, that an illegal sentence means "one which is 'in direct contravention of the express provisions of [an applicable statute],'" Cantrell, 346 S.W.3d at 452 (quoting Burkhart, 566 S.W.2d at 873), or a sentence "not authorized under the applicable statutory scheme," id. (citing Davis, 313 S.W.3d at 759). As this comparison of the Rule 36.1 text and the Cantrell language illustrates, the Rule 36.1 definition of illegal sentence mirrors the definition articulated in Cantrell. Construing Rule 36.1 to define the term differently from the way it has been defined in the habeas corpus context would require us to ignore the plain language of Rule 36.1 and of Cantrell. This we decline to do. Accordingly, we conclude that the definition of "illegal sentence" in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context.

Having reached this conclusion, we next review, briefly, the types of sentences that should be deemed illegal for purposes of Rule 36.1. As explained in Cantrell, mistakes in sentencing are inevitable, but few sentencing errors render sentences illegal. Cantrell, 346 S.W.3d at 448-49. Sentencing errors fall into three categories—clerical errors, appealable errors, and fatal errors. Id. at 449-52. Only fatal errors render sentences illegal. Id. at 452. Clerical errors "arise simply from a clerical mistake in filling out the uniform judgment document" and may be corrected at any time under Tennessee Rule of Criminal Procedure 36. Id. The second category–appealable errors– consists of "those errors for which the Sentencing Act specifically provides a right of direct appeal." Id. at 449. Included in this category are claims "akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction," such as claims that the record does not support the trial court's factual findings regarding sentencing. Id. at 450-52. Claims of appealable error generally involve attacks on the correctness of the

- 11 -

methodology by which a trial court imposed sentence.  Id. at 450-51; see also State v. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014).  The final category is fatal errors, and these errors are "so profound as to render the sentence illegal and void."  Cantrell, 346 S.W.3d at 452.  This category consists of any sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute."  Tenn. R. Crim. P. 36.1(a); see also Cantrell, 346 S.W.3d at 452.  Included in this category are sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses.  Davis, 313 S.W.3d at 759.

### E.  Has a colorable claim for relief under Rule 36.1 been stated?

With these principles in mind, we approach the final question in this appeal— whether Mr. Wooden's claims, taken as true and in a light most favorable to him, would entitle him to relief under Rule 36.1.

Mr. Wooden received a five-year sentence in case number 97-133.  This sentence was two years above the statutory presumptive sentence of three years, but within the statutorily prescribed three-to-six-year sentencing range applicable to his Range I offender classification and the Class C felony of which he was convicted—facilitation of aggravated robbery.  See Tenn. Code Ann. § 40-35-112(a)(3).  Mr. Wooden nonetheless alleges in his motion that his five-year sentence is illegal because the trial court increased the sentence above the presumptive statutory minimum, but failed to find any enhancement factors to support the increase, and therefore directly contravened a statute.  See Tenn. Code Ann. § 40-35-210(c) (Supp. 1996).[8]

Mr. Wooden's claim falls squarely within the second category of sentencing errors—appealable errors.  In Cantrell, we described a trial court's erroneous "consideration of . . . mitigating and enhancment factors" as the type of error that must be addressed on direct appeal because it does not render the sentence illegal for purposes of habeas corpus.  346 S.W.3d at 451.  We reiterated that a sentence which is "statutorily available but ordinarily inapplicable to a given defendant" is not an illegal sentence.  Id. at 454.  The five-year *sentence* Mr. Wooden received was statutorily available for the offense of which he was convicted, even if the trial court erred by concluding that the

---

[8] This statute provided in relevant part that "[t]he presumptive sentence for a Class B, C, D and E felony shall be the minimum sentence in the range if there are no enhancement or mitigating factors." Tenn. Code Ann. § 40-35-210(c) (1996 Supp.).

sentence was appropriate for Mr. Wooden.[9]    Thus, Mr. Wooden's allegations are insufficient to state a colorable claim for relief under Rule 36.1.[10]

## IV. Conclusion

The Court of Criminal Appeals correctly concluded that Mr. Wooden has failed to state a colorable claim for relief.  Accordingly, we affirm the judgment of the Court of Criminal Appeals, which affirmed the trial court's dismissal of Mr. Wooden's Rule 36.1 motion.  Costs of this appeal are taxed to Mr. Wooden, for which execution may issue if necessary.

_____
CORNELIA A. CLARK, JUSTICE

---

[9] We note that Mr. Wooden's prior felony convictions in case number 96-297 would have qualified as an enhancement factor for purposes of sentencing on case number 97-133.  See id. § 40-35-114(1).

[10] As a result of our conclusion that Mr. Wooden has failed to state a colorable claim for relief, we decline, as did the Court of Criminal Appeals, to address whether the expiration of Mr. Wooden's sentences rendered his Rule 36.1 claim moot.