FILED

03/23/2017

Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 7, 2017

**STATE OF TENNESSEE v. SPENCER PETERSON**

**Appeal from the Criminal Court for Shelby County**
**Nos. 01-04380, 01-04381, 01-04382, 01-04383, 01-04384, 01-04385, 01-04386, 01-04387, 01-04388, 01-04389, 01-04390, 01-04391, 01-04392**
**J. Robert Carter, Jr., Judge**

_____

**No. W2016-00787-CCA-R3-CD**

_____

Spencer Peterson ("the Defendant") appeals the summary denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. Discerning no error, we affirm the trial court's summary denial of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR. J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Spencer Peterson, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Carrie Shelton-Bush, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

On April 26, 2001, the Shelby County Grand Jury charged the Defendant with nineteen offenses spread across thirteen separate indictments including one count of first degree premeditated murder, two counts of first degree felony murder, two counts of attempted first degree murder, eight counts of aggravated robbery, one count of aggravated burglary, three counts of attempted especially aggravated robbery, and two counts of attempted aggravated robbery. The cases were consolidated for trial. The

Defendant was convicted as charged with the exception of the three first degree murder counts and the two attempted first degree murder counts, in which he was convicted, respectively, of second degree murder and attempted second degree murder. After merging the three second degree murder convictions and the separate convictions of aggravated robbery involving the same victim, the trial court sentenced the Defendant to consecutive terms of twenty years for the second degree murder conviction and eight years for each of the four aggravated robbery convictions. The remaining convictions were ordered to be served concurrently for an effective sentence of fifty-two years in the Department of Correction. The Defendant's convictions were affirmed on direct appeal, but the case was remanded for the trial court to "set out its basis for consecutive sentencing." *State v. Spencer Peterson*, No. W2003-02939-CCA-R3-CD, 2004 WL 2791621, at *1 (Tenn. Crim. App. Dec. 6, 2004), *perm. app. denied* (Tenn. Mar. 21, 2005). In the subsequent appeal, this court affirmed the consecutive sentences. *State v. Spencer Peterson*, No. W2005-01701-CCA-R3-CD, 2006 WL 1215138, at *1 (Tenn. Crim. App. May 5, 2006), *perm. app. denied* (Tenn. Oct. 2, 2006).

After unsuccessfully pursuing post-conviction relief and relief under Rule 36.1,[1] the Defendant filed a "Motion to Correct Illegal Sentence" claiming that his sentences were illegal because second degree murder was not a lesser-included offense of felony murder and because his arrest warrants were void. In its written order summarily denying the motion, the trial court stated:

> Murder second is a lesser[-]included offense of first degree murder (premeditated or in perpetration of a felony). T.C.A. §40-18-110(g)(1).
>
> Any procedural defect in an arrest warrant was cured by the action of the grand jury in returning an indictment. Further, any complaints about Petitioner's arrest have long been "waived" or "previously determined" and do not operate to render Petitioner's sentence void.
>
> Rule 36.1 applies to motions where there is a "colorable claim that the sentence is illegal[.]" Tennessee Rules Criminal Procedure 36.1(b). The sentence in these cases i[s] not illegal, and therefore, the Motion to Correct Illegal Sentence is hereby denied.

The Defendant timely perfected his appeal and on appeal, he claims that the trial court erred in denying his motion. The State avers that the motion failed to state a colorable claim and the trial court properly denied the motion. We agree with the State.

---

[1] The Petitioner previously filed a motion alleging that his sentence was illegal. The trial court denied this motion in June 2014.

**Analysis**

Whether the Defendant's Tennessee Rule of Criminal Procedure 36.1 motion states a colorable claim for the correction of an illegal sentence is a question of law, which this court reviews de novo. *State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015). A colorable claim is "a claim that, if taken as true and viewed in the light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. If the trial court determines that a defendant's Rule 36.1 motion does not state a colorable claim for relief, the trial court is required to file an order denying the motion. Tenn. R. Crim. P. 36.1(b).

Rule 36.1 was adopted with the express purpose "to provide a mechanism for the defendant or the State to seek to correct an illegal sentence." Tenn. R. Crim. P. 36.1 Advisory Comm'n Cmt. An illegal sentence is "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). As the State correctly argues, the Defendant's two claims—that second degree murder was not a lesser-included offense of felony murder and that the arrest warrants were void—concern the convictions, not the sentences. The Defendant does not claim that the sentences imposed by the trial court were not authorized by the applicable statutes or that they directly contravene an applicable statute. Therefore, he is not entitled to relief under Rule 36.1, and the trial court properly summarily denied his motion.

In any event, second degree murder was a lesser-included offense of felony murder at the time the Defendant committed the offenses and at the time he was convicted, and it still is today. As our supreme court held, "because the mental states required for the lesser offenses differ only in the level of culpability attached to each in terms of seriousness and punishment, the offenses of second degree murder, reckless homicide, and criminally negligent homicide are lesser-included offenses of felony murder under part (b) of the *Burns* test." *State v. Ely*, 48 S.W.3d 710, 721-22 (Tenn. 2001). Moreover, as the trial court correctly noted, second degree murder is now a lesser-included offense of felony murder by statute. Tennessee Code Annotated section 40-18-110(g)(1) provides: "Second degree murder is a lesser[-]included offense of first degree murder as defined in § 39-13-202." Tenn. Code Ann. § 40-18-110(g)(1). Tennessee Code Annotated section 39-13-202(a) states that

First degree murder is:

A premeditated and intentional killing of another;

A killing of another committed in the perpetration of or attempt to perpetrate any first degree murder, act of terrorism, arson, rape, robbery, burglary, theft, kidnapping, aggravated child abuse, aggravated child neglect, rape of a child or aircraft piracy[.]…

Tenn. Code Ann. § 39-13-202(a)(1)-(2) (2003). The Defendant's lesser-included offense claim is without merit.

Regarding the Defendant's claim that his arrest warrant was void, the State correctly argues in its brief that "all questions as to the sufficiency of the warrant are foreclosed by the finding of an indictment." *Jones v. State*, 332 S.W.2d 662, 667 (Tenn. 1960). "Neither an illegal warrantless arrest nor an arrest made under color of an invalid warrant invalidates or otherwise affects the validity of an indictment or presentment returned by a grand jury subsequent to the arrest." *State v. Marvin Anthony Matthews*, No. 02-C-01-9206-CC-00141, 1989 WL 407329, at *3 (Tenn. Crim. App. Mar. 24, 1993). The Defendant's second claim is also without merit.

## Conclusion

The trial court correctly found that the Defendant's motion failed to state a colorable claim and properly denied the motion without appointing counsel or conducting a hearing. The judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE