IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 24, 2018

**JUSTIN DANIEL LOINES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Hamilton County**
**Nos. 274883, 298996          Don R. Ash, Senior Judge**

_____

**No. E2017-02088-CCA-R3-PC**

_____

The pro se Petitioner, Justin Daniel Loines, appeals the dismissal of his petition for post-conviction relief as time-barred. Following our review, we affirm the judgment of the post-conviction court summarily dismissing the petition on the basis that it was filed almost six years after the judgment became final and that the Petitioner failed to show any grounds to warrant that the statute of limitations be tolled.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Justin Daniel Loines, Pikeville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Neal Pinkston, District Attorney General; and Leslie Anne Longshore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

In February 2010, the Hamilton County Grand Jury indicted the Petitioner for two counts of first degree felony murder, one count of aggravated child abuse, and one count of aggravated child neglect based on his involvement with his wife in the August 6, 2008 death of his two-year-old stepson. In July 2010, the Petitioner pled guilty to the lesser offenses of voluntary manslaughter and facilitation of aggravated child neglect. Pursuant to the terms of his negotiated plea agreement, the two other counts of the indictment were dismissed, and he was sentenced as a Range I offender to consecutive terms of fifteen

years for the voluntary manslaughter conviction and ten years for the facilitation of aggravated child neglect conviction, for a total effective sentence of twenty-five years at 30% release eligibility.

On July 7, 2016, the Petitioner filed a pro se petition for post-conviction relief in which he argued, among other things, that he was denied the effective assistance of counsel and that his facilitation of aggravated child neglect sentence was illegally enhanced without proof of prior felonies, in violation of Blakely v. Washington, 542 U.S. 296 (2004).[1] The Petitioner additionally argued that the Tennessee Constitution and the Sixth Amendment to the United States Constitution should be read as providing a right to post-conviction counsel to a petitioner who alleges ineffective assistance of counsel in a first petition for post-conviction relief, and that the one-year statute of limitations for filing a post-conviction petition should be declared unconstitutional on the grounds that it deprives an indigent post-conviction petitioner the reasonable opportunity to assert a claim in a meaningful time and manner.

On October 6, 2017, the post-conviction court entered an order summarily dismissing the petition on the basis that it was barred by the statute of limitations and the Petitioner failed to show he was entitled to statutory or due process tolling of the limitations period. The court additionally concluded that even if it treated the petition as a Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence, the Petitioner would not be entitled to any relief. Thereafter, the Petitioner filed a timely notice of appeal to this court.

## ANALYSIS

In his original and reply briefs, the Petitioner's argument, as best as we can understand it, is that the statute of limitations for filing a post-conviction petition should be tolled in his case because of the nature of his allegations, which were that his "indictments were void" because his dual convictions for voluntary manslaughter and facilitation of aggravated child neglect violated the prohibition against double jeopardy, that his sentence for facilitation of aggravated child neglect was illegal under Blakely, and that his trial counsel was ineffective for not recognizing and challenging the above violations of the Petitioner's constitutional rights. The Petitioner cites Sutton v. Carpenter, 745 F.3d 787 (6th Cir. 2014), for the proposition that applying the post-conviction statute of limitations in his case "infringes on [his] right to seek a meaningful

---

[1] In its order of dismissal, the post-conviction court referenced another claim the Petitioner apparently raised in his petition: that the Petitioner could not be convicted of both voluntary manslaughter and facilitation of aggravated child neglect because both offenses contain the same elements. That portion of the post-conviction petition is not legible on the copy included in the record. Regardless, we agree with the post-conviction court that the claim is without merit.

- 2 -

opportunity" to raise his claims. He asserts that <u>Sutton</u> "clearly says a defendant has a right to raise an ineffective counsel claim."

We respectfully disagree with the Petitioner's contention that <u>Sutton</u> establishes a constitutional right to the effective assistance of post-conviction counsel and/or the right to raise a claim of ineffective assistance of trial counsel, regardless of the statute of limitations. We have rejected similar assertions in previous cases. <u>See</u> <u>e.g.</u>, <u>Michael V. Morris v. State</u>, No. M2015-01113-CCA-R3-ECN, 2015 WL 9487829, at \*2 (Tenn. Crim. App. Dec. 29, 2015); <u>David Edward Niles v. State</u>, No. M2014-00147-CCA-R3-PC, 2015 WL 3453946 (Tenn. Crim. App. June 1, 2015), <u>perm. app. denied</u> (Tenn. Sept. 17, 2015).

Under the Post-Conviction Procedure Act, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a) (2012).

> The post-conviction statute contains a specific anti-tolling provision:
> The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

<u>Id.</u>

Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered, none of which is applicable in this case. Nor are there any due process considerations in this case that would require tolling of the statute of limitations. <u>See</u> <u>Whitehead v. State</u>, 402 S.W.3d 615, 622-23 (Tenn. 2013) (identifying three circumstances under which due process requires tolling of the post-conviction statute of limitations: (1) when a claim for relief arises after the statute of limitations has expired; (2) when a petitioner is prevented by his or her mental incompetence from complying with the statute's deadline; and (3) when attorney misconduct necessitates the tolling of the statute).

We, therefore, conclude that the post-conviction court properly dismissed the petition as time-barred. We further conclude that the court also properly found that the Petitioner is not entitled to relief even if his petition is liberally treated as a motion to correct an illegal sentence. Rule 36.1 of the Tennessee Rules of Criminal Procedure provides in pertinent part that "[e]ither the defendant or the state may[, at any time,] seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). Rule 36.1 defines an illegal sentence as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. If the motion states a colorable claim that the sentence is illegal, and the defendant is indigent and not already represented by counsel, the trial court is required to appoint counsel to represent the defendant. Tenn. R. Crim. P. 36.1(b). A colorable claim pursuant to Rule 36.1 is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015).

As the post-conviction court noted in its order, the Petitioner's offenses contain different elements, and his convictions thus do not violate the prohibition against double jeopardy. Moreover, "the purpose of [Rule 36.1] is to provide an avenue for correcting allegedly illegal *sentences*. The Rule does *not* provide an avenue for seeking the reversal of convictions." State v. Jimmy Wayne Wilson, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at * 2 (Tenn. Crim. App. Mar. 31, 2014) (emphasis in original), perm. app. denied (Tenn. Nov. 19, 2014).

The Petitioner's assertion that his ten-year sentence was illegally enhanced without proof of prior felonies, in violation of Blakely, also fails to state a colorable claim for Rule 36.1 relief. The Petitioner's ten-year sentence was the result of a negotiated plea agreement and fell within the eight-to twelve-year range for a Range I offender convicted of a Class B felony. Accordingly, the Petitioner has failed to state a colorable claim for relief under Rule 36.1, and the post-conviction court properly dismissed the claim without a hearing.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court summarily dismissing the petition for post-conviction relief as time-barred. We further conclude that the court also properly found that the Petitioner has no claim under Rule 36.1.

_____

ALAN E. GLENN, JUDGE