IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 4, 2024

**STATE OF TENNESSEE v. JOEY GODWIN**

**Appeal from the Circuit Court for Gibson County**
**Nos. 9088, 9061      Clayburn Peeples, Judge**

_____

**No. W2023-01483-CCA-R3-CD**
_____

Defendant, Joey Godwin, filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1, challenging his two convictions for the sale of .5 grams or more of cocaine and resulting 60-year sentence. The trial court summarily denied the motion. Defendant appeals. Because Defendant failed to state a colorable claim, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and TOM GREENHOLTZ, J., joined.

Joey Godwin, Tiptonville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; G. Kirby May, Assistant Attorney General; Frederick Agee, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Two separate case numbers led to Defendant's conviction of two counts of the sale of .5 grams or more of cocaine after a jury trial. *State v. Godwin*, No. W2013-01602-CCA-R3-CD, 2014 WL 895497, at *1 (Tenn. Crim. App. Mar. 6, 2014), *perm. app. denied* (Tenn. Sept. 18, 2014). Defendant was sentenced to 30 years for each conviction, to be served consecutively, after the jury determined that he sold cocaine to a criminal informant on two separate occasions. *Id.*

Defendant appealed his convictions and sentence. Specifically, he challenged the trial court's decision to impose consecutive sentences. This Court determined that the trial court did not abuse its discretion in ordering consecutive sentences. *Id.* at *7.

Defendant then sought post-conviction relief. *Godwin v. State*, No. W2015-01535-CCA-R3-PC, 2016 WL 7732245, at *1 (Tenn. Crim. App. July 13, 2016), *perm. app. denied* (Tenn. Nov. 22, 2016). Defendant asserted that he received ineffective assistance of counsel but did not challenge trial counsel's actions with regard to sentencing. The post-conviction court denied relief, determining that trial counsel was not ineffective and that Defendant failed to show prejudice, and a panel of this Court affirmed. *Id.*

Relative to this appeal, Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. In the motion, Defendant argued that the trial court imposed the sentence in "contravention" of Tennessee Code Annotated sections 40-35-202 (providing procedure for State's notice of enhancement) and 40-35-210(f) (providing items trial court should consider in sentencing), and that his sentences were void. Defendant claimed that the State failed to seek a notice of intent to seek enhanced punishment pertaining to one count and that the State failed to introduce certified copies of prior convictions, only using Defendant's presentence report as proof of his prior convictions. Lastly, Defendant claimed his sentence was a "manifest injustice." The trial court summarily dismissed the motion, commenting in its order that the State represented in open court that the original judgments reflected the sentences of the trial court. Defendant appealed.

*Analysis*

On appeal, Defendant argues that the trial court held a hearing in his absence in violation of Rule 36.1 and failed to state any findings of fact and conclusions of law to support its order. The State acknowledges that the trial court "did not explicitly state that Defendant failed to state a colorable claim" but properly denied the motion to correct an illegal sentence because Defendant failed to state a colorable claim.

Rule 36.1 provides a defendant and the State an avenue to "seek to correct an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the unexpired sentence is illegal." Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim'

means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal), and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.* The determination whether a "[Rule 36.1] motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

Defendant's motion first complained about the notice of enhancement. Because this type of alleged error involves the methodology by which the trial court imposed Defendant's sentence, it is an appealable error. Therefore, it should have been raised at trial, during sentencing, or on appeal of the original convictions. *See State v. Merriweather*, No. M2021-01278-CCA-R3-CD, 2022 WL 1573183, at *2 (Tenn. Crim App. May 19, 2022), *no perm. app. filed*; *State v. Hubbard*, No. W2016-01263-CCA-R3-CD, 2017 WL 244116, at *2 (Tenn. Crim. App. Jan. 20, 2017), *perm. app. denied* (Tenn. Apr. 13, 2017). This is not a colorable claim.

Next, Defendant complained that the State used the presentence report rather than certified copies of convictions to show Defendant's prior convictions for sentencing purposes. Defendant does not explain how this rendered his sentences illegal. Moreover, the State is permitted to rely on the presentence report to establish a defendant's criminal history. *State v. Hines*, No. 01C01-9406-CC-00189, 1995 WL 316304, at *3-4 (Tenn. Crim. App. May 25, 1995), *perm. app. denied* (Tenn. Nov. 6, 1995). This is not a colorable claim.

Defendant also insists that his convictions were unfair and a "manifest injustice." This is not a colorable claim.

As to Defendant's complaint that the trial court held a hearing in his absence and improperly denied the motion without notifying Defendant that he failed to state a colorable claim, we acknowledge that pursuant to Rule 36.1(b)(2), "[t]he court shall review the motion, any response, and, if necessary, the underlying record that resulted in the

challenged judgment order. If the court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion." The order "shall set forth the court's findings of fact and conclusions of law as to the matters alleged in the motion." Tenn. R. Crim. P. 36.1(e). Here, the order denying the motion states that the motion was denied "upon the State's representation in open court the original judgments properly reflected the sentence of the court." The purpose of the Rule's requirement that a trial court "set forth the court's findings of fact and conclusions of law" in "[a]n order granting or denying a motion," *see* Tenn. R. Crim. P 36.1(e), is "[t]o facilitate appellate review," *id.*, Advisory Comm'n Cmts. (2016); *see also State v. Jones*, No. W2017-00145-CCA-R3-CD, 2017 WL 3841371, at *2 (Tenn. Crim. App. Aug. 31, 2017), *no perm. app. filed* (quoting Tenn. R. App. P. 36.1, Advisory Comm'n Cmts.). Because Defendant failed to state a colorable claim, there is no error in the trial court's summary dismissal of the motion, and the trial court's order was sufficient to facilitate our review.

Defendant failed to state a colorable claim for relief. Accordingly, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE

- 4 -