IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 13, 2024

**STATE OF TENNESSEE v. LAWRENCE E. HAMPTON**

**Appeal from the Criminal Court for Davidson County**
**No. 2013-D-3345     Cynthia Chappell, Judge**

_____

**No. M2024-00058-CCA-R3-CD**

_____

The Defendant, Lawrence E. Hampton, appeals the trial court's summary dismissal of his third motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Specifically, the Defendant argues that the trial court's entry of corrected judgment forms changing the order of consecutive service of sentences constituted an ex parte sentencing in violation of Tennessee Rule of Criminal Procedure 43(a)(3). Following our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which J. ROSS DYER and JILL BARTEE AYERS, JJ., joined.

Lawrence E. Hampton, Wartburg, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; and Glenn R. Funk, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On September 11, 2014, the Defendant pleaded guilty to aggravated assault and employing a firearm during the commission of a dangerous felony. *See* Tenn. Code Ann. §§ 39-13-102, -17-1324. The transcript of the plea hearing is not included in the record on appeal, but the Defendant's petition to enter a plea of guilty indicates that he agreed to a four-year sentence on the aggravated assault count and a consecutive ten-year sentence on the employment count, for an effective fourteen-year sentence. Contrary to the agreed order of service as stated in the petition, the original judgments indicated that the aggravated assault sentence ran consecutively to the employment sentence. On July 15,

2015, the trial court entered corrected judgments stating that the employment sentence ran consecutively to the aggravated assault sentence, as reflected in the plea petition.

On December 13, 2022, the Defendant filed his first motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The trial court denied the motion by order on April 3, 2023. The Defendant filed his second and third Rule 36.1 motions on September 26 and November 13, 2023. The trial court summarily denied those motions in a consolidated order on December 12, 2023. The Defendant timely appealed. The Defendant's issue on appeal pertains only to the allegations raised in his third Rule 36.1 motion, and we will limit our analysis accordingly.

Although not addressed by the State, we note that the trial court summarily denied the Defendant's third motion on procedural grounds, finding that the Defendant (a) failed to attach to his motion the original judgment for the employment count; (b) erroneously stated that this was his first Rule 36.1 motion when, in fact, it was his third; and (c) failed to attach a copy of his previous Rule 36.1 motions to his third motion or to otherwise state the reasons for his failure to do so. After our review of the record, we conclude that the trial court correctly found the Defendant's third motion to be "deficient on its face" for these reasons. *See* Tenn. R. Crim. P. 36.1(a)(1) (requiring the movant to "attach to the motion a copy of each judgment order at issue"; and, if a previous motion has been made, to attach "a copy of each previous motion and the court's disposition thereof" or "state satisfactory reasons for the failure to do so"). These failures alone form a sufficient basis for our court to affirm the trial's court summary denial of the Defendant's motion. *See State v. Smith*, No. W2020-01596-CCA-R3-CD, 2021 WL 4932496, at *2 (Tenn. Crim. App. Oct. 22, 2021), *no perm. app. filed*.

The trial court further found that the Defendant's third motion failed to raise a colorable claim that his sentences were illegal. The Defendant's argument in his third motion and on appeal is that the entry of corrected judgments on July 15, 2015 constituted a resentencing for which neither he nor his attorney were present as required by Tennessee Rule of Criminal Procedure 43(a)(3) (requiring the presence of the defendant at "the imposition of sentence"). On this point, the trial court found as follows:

> The Court has consulted the record of the proceeding from which the allegedly illegal sentence emanated and finds that the original judgment forms entered by the Court reflected a clerical mistake, in that, when read together, they erroneously directed that [the aggravated assault count] run consecutively to [the employment count] though the inverse was bargained-for and intended. The terms set forth in the Plea Petition are

properly reflected on the corrected judgment forms entered July 15, 2015. This Court has previously found, and reiterates here, that the sentence [the Defendant] received is not illegal in that [the Defendant] was properly sentenced under the statutory framework for the offenses of which he was convicted. Thus, [the Defendant's] allegations are insufficient to state a colorable claim for relief under Rule 36.1.

(Internal footnotes omitted). Whether the Defendant's motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which we apply de novo review. *See State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015) (citations omitted).

Following our de novo review, we agree with the trial court and add that Tennessee Rule of Criminal Procedure 36 provides that a trial court "may at any time correct clerical mistakes in judgments . . . arising from oversight or omission." Notice to the parties is not necessarily required for such correction. *See* Tenn. R. Crim. P. 36 (directing the trial court to give "any notice it considers appropriate"). And, generally, the entry of corrected judgment forms in this context does not constitute a new sentencing hearing that requires a defendant's presence. *See State v. Moutry*, No. E2022-01076-CCA-R3-CD, 2023 WL 3736435, at *2 (Tenn. Crim. App. May 31, 2023), *no perm. app. filed*. Such was the case here. In correcting the Defendant's judgments, the trial court did not "impose" a sentence upon the Defendant; it merely corrected the judgments to accurately reflect the sentence that was previously imposed. As such, the Defendant's presence was not required by Tennessee Rule of Criminal Procedure 43(a)(3). If the Defendant wished to appeal the methodology used by the trial court in correcting the clerical mistake in his judgments, he should have done so when they were entered in 2015. *See* Tenn. R. Crim. P. 36 (providing an appeal as of right for judgments corrected under the Rule); *see also* Tenn. R. App. P. 3(b) (providing the same). The Defendant has not otherwise shown that his sentences were "not authorized by the applicable statutes" or that they "directly contravene[] an applicable statute." *See* Tenn. R. Crim. P. 36.1(a)(2). As such, summary denial of his motion was required. *See id*. 36.1(b)(2). We affirm.

_____
KYLE A. HIXSON, JUDGE

- 3 -