# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### May 3, 2016 Session

## TOMMY L. HARRIS v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Shelby County
### No. 09-06990    J. Robert Carter, Jr., Judge

### No. W2015-02132-CCA-R3-PC  -  Filed August 4, 2016

The *pro se* petitioner, Tommy L. Harris, appeals the post-conviction court's dismissal of his petition for post-conviction relief and/or his petition for a corrected judgment, arguing that the court erred by summarily dismissing the petition without an evidentiary hearing or the appointment of counsel.  Following our review, we affirm the dismissal of the petition.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Tommy L. Harris, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Paul Goodman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On February 3, 2010, the petitioner entered an Alford guilty plea to attempted aggravated sexual battery, a Class C felony, in exchange for a Range I, standard offender sentence of four years, six months in the county workhouse, suspended to supervised probation.  Also noted on the judgment form was that the petitioner was "sentenced to community supervision for life following sentence expiration" and "must register as a sex offender w/in 48 hours of release from custody."

The petitioner filed an untimely *pro se* notice of appeal on March 18, 2010. This court dismissed the appeal on the basis that none of the issues warranted waiving the timely notice of appeal requirement, as the petitioner, by pleading guilty, had waived his right to appeal and agreed to the sentence imposed. See State v. Tommy L. Harris, No. W2010-00776-CCA-R3-CD (Tenn. Crim. App. Nov. 17, 2010) (order).

A handwritten notation across the petitioner's judgment states that the petitioner's probation was revoked on May 6, 2013. According to the petitioner, he completed his sentence and was released from the Shelby County Correctional Center on May 7, 2015.

On June 10, 2015, the petitioner filed a *pro se* petition for post-conviction relief in which he raised, among other things, claims of an unknowing and involuntary guilty plea and ineffective assistance of counsel. Specifically, he alleged that although he was informed that his guilty plea conviction required registration as a sex offender, he was never informed that he would be subject to community supervision for life. The petitioner further alleged that, had he been informed of that "direct, punitive consequence of the guilty plea," he would not have accepted the plea agreement. Contemporaneously with his petition for post-conviction relief, the petitioner filed a "Petition for Injunction and/or Stay of Action" of the community supervision for life requirement of his guilty plea.

On August 10, 2015, the petitioner filed a *pro se* "Petition to Correct and/or Arrest Illegal Sentence" pursuant to Tennessee Rule of Criminal Procedure 36.1, in which he argued, among other things, that the community supervision for life requirement was an illegal component of his plea agreement because neither his counsel nor the trial court ever informed him of the requirement prior to the entry of his plea.

On October 26, 2015, the post-conviction court entered an order denying the petition for post-conviction relief on the basis that the statute of limitations for filing a post-conviction petition had long since expired. The court also found that the sentence was facially valid and that Tennessee Rule of Criminal Procedure 36.1 did not apply. Thereafter, the petitioner filed a timely notice of appeal to his court.

## ANALYSIS

On appeal, the defendant contends that the post-conviction court erred by summarily dismissing his petition without an evidentiary hearing to consider his claims that he was not informed and was unaware of the community supervision for life requirement at the time he entered his plea. The State responds by arguing that the post-conviction court properly dismissed the petition for post-conviction relief as untimely and

2

properly found that the petitioner failed to state a colorable claim that his sentence was illegal. We agree with the State.

Under the Post-Conviction Procedure Act, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a) (2012).

The post-conviction statute contains a specific anti-tolling provision:

The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Id.

Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered, none of which is applicable in this case. Nor are there any due process considerations in this case that would require tolling of the statute of limitations. See Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013) (identifying three circumstances under which due process requires tolling of the post-conviction statute of limitations: (1) when a claim for relief arises after the statute of limitations has expired; (2) when a petitioner is prevented by his or her mental incompetence from complying with the statute's deadline; and (3) when attorney misconduct necessitates the tolling of the statute).

In his reply brief, the petitioner argues that fundamental fairness requires that the statute of limitations be tolled on due process grounds because he was not informed and was unaware of the community supervision requirement. We note, however, that the community supervision for life box is checked on the petitioner's judgment form. We, therefore, conclude that the post-conviction court properly dismissed the petition as time-barred.

We further conclude that the court also properly found that the petitioner's sentence was facially valid and, thus, that Rule 36.1 did not apply. Rule 36.1 provides in pertinent part:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Tenn. R. Crim. P. 36.1(a), (b).

Pursuant to Rule 36.1, the petitioner would be entitled to a hearing and appointment of counsel if he stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b). A colorable claim pursuant to Rule 36.1 is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015).

Rule 36.1 defines an illegal sentence as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). As the post-conviction court noted in its order, community supervision for life is required for the petitioner's conviction under Tennessee Code Annotated section 39-13-524(3). Accordingly, the petitioner failed to state a colorable claim for relief under Rule 36.1, and the post-conviction court properly dismissed the claim without a hearing.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court summarily dismissing the petition.

_____
ALAN E. GLENN, JUDGE

4