# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. BROOKE LEE WHITAKER

**Appeal from the Circuit Court for Bedford County**
**No. 18051    Franklin L. Russell, Judge**

_____

**No. M2015-01853-CCA-R3-CD – Filed August 31, 2016**

_____

The Appellant, Brooke Lee Whitaker, is appealing the trial court's order dismissing her motion to correct an illegal sentence filed pursuant to Rule of Criminal Procedure Rule 36.1.  The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20.  Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

M. Wesley Hall IV, Unionville, Tennessee, for the appellant, Brooke Lee Whitaker.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Robert James Carter, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Appellant is appealing the trial court's order dismissing her motion to correct an illegal sentence.  *See* Tenn. R. Crim. P. 36.1.  In 2009, the Appellant pled guilty to rape and the trial court sentenced her to serve twelve years as a Standard Range I offender at 100%.  The judgment reflects that the Appellant was also sentenced to community supervision for life.  This Court affirmed the Appellant's sentence on appeal. *State v. Brooke Lee Whitaker*, M2009-02449-CCA-R3-CD, 2011 WL 2176511 (Tenn. Crim. App., May 31, 2011), *perm. to app. denied*, (Tenn., Sep. 21, 2011).  The Appellant then sought post-conviction relief, which was denied.  This Court affirmed that denial on appeal.  *Brooke Lee Whitaker v. State*, No. M2013-00919-CCA-R3-PC, 2014 WL 2553441 (Tenn. Crim. App., June 4, 2014), *perm. to app. denied*, (Tenn., Sep. 22, 2014).

On April 28, 2015, the Appellant filed a motion under Rule 36.1 to correct an illegal sentence. Citing Rule of Criminal Procedure 11 and *Ward v. State*, 315 S.W.3d 461 (Tenn. 2010), the Appellant argues that her sentence is illegal because the trial court failed to advise her that she would be subject to community supervision for life. Following a hearing, the trial court concluded that the sentence imposed is not illegal and thus dismissed the Appellant's motion. This timely appeal ensued. In response to the brief filed by the Appellant, the State moves this Court to affirm the order of the trial court pursuant to Court of Criminal Appeals Rule 20. For the reasons stated below, we grant the State's motion.

Rule 36.1 permits a defendant to seek correction of an illegal sentence. "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). The Appellant pled guilty to rape, a Class B felony. Tenn. Code Ann. § 39-13-503(b). A standard Range I offender for a Class B felony faces not less than eight years or more than twelve years imprisonment. Tenn. Code Ann. § 40-35-112(a)(2). In addition to the prison sentence, a person convicted of rape shall be sentenced to community supervision for life. Tenn. Code Ann. § 39-13-524(a). As noted above, the Appellant received a twelve year prison sentence in addition to lifetime community supervision. The Appellant's sentence is specifically authorized by the applicable statutes and, therefore, legal.

The Appellant is correct to recognize that *Ward* announced a new rule of constitutional law: trial courts have an affirmative duty, before accepting a guilty plea to a crime carrying a mandatory sentence of community supervision for life, to inform the defendant desiring to plead guilty of the consequence of lifetime supervision. 315 S.W.3d at 476. The rule announced in *Ward*, however, does not require retroactive application. *Bush v. State*, 428 S.W.3 1, 20-21 (Tenn. 2014). *Ward* was decided after the Appellant pled guilty in this case. Moreover, the provision of Rule 11, which codifies the *Ward* decision, did not take effect until July 1, 2015, also after the Appellant pled guilty. Tenn. R. Crim. P. 11(b)(1)(K). Accordingly, the trial court was not required to comply with either *Ward* or Rule 11(b)(1)(K) before imposing lifetime community supervision in this case. Thus, the Appellant's argument, that her sentence is illegal because the trial court failed to ensure that she was informed of the lifetime community supervision aspect of her sentence, is without merit and does not state a colorable claim for relief under Rule 36.1. The Appellant's argument is, in essence, a constitutional challenge to the voluntariness of her guilty plea. Rule 36.1 does not apply to such challenges, however. *See*, *e.g.*, *State v. John T. Davis*, No. W2015-00445-CCA-R3-CD, 2016 WL 1714875 at *3 (Tenn. Crim. App., Apr. 26, 2016).

2

Similarly, the Appellant's argument that the trial court's failure to ensure that she was informed of the lifetime community supervision sentence is a "fatal error" in sentencing is misplaced. Our Supreme Court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1. *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). Sentencing errors fall into three categories: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the Court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The Court held that only fatal errors render sentences illegal. *Id.* Again, the Appellant's sentence was specifically authorized by statute. Thus, it is not illegal.

Accordingly, the ruling of the trial court is hereby affirmed pursuant to Court of Criminal Appeals Rule 20.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

3