# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 21, 2016

## STATE OF TENNESSEE v. JEFFREY ODOM

**Appeal from the Circuit Court for Rutherford County**
**No. F-55878A, 56586B     David M. Bragg, Judge**

_____

**No. M2015-02040-CCA-R3-CD – Filed December 9, 2016**

_____

The Defendant, Jeffrey Odom, appeals the trial court's dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 due to the Defendant's failure to appear at the scheduled hearing. Upon reviewing the record and the applicable law, we affirm the judgment of the trial court.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and TIMOTHY L. EASTER, JJ., joined.

Gerald L. Melton, District Public Defender (on appeal); and Russell N. Perkins, Assistant District Public Defender (at hearing), for the appellant, Jeffrey Odom.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; and Jennings H. Jones, District Attorney General, for the appellee, State of Tennessee.

## OPINION

On February 14, 2005, the Defendant pled guilty to robbery and received a seven-year sentence as a multiple offender to be served on probation. On March 16, 2006, the Defendant pled guilty to conspiracy to sell 0.5 grams or more of cocaine. He was sentenced to ten years as a multiple offender to be served on probation and to run concurrently with his sentence for the robbery conviction. On November 21, 2008, the trial court entered an order revoking the Defendant's probation for the cocaine conviction and requiring him to serve his sentence.

On December 29, 2014, the Defendant filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. He asserted that he was released on bond for the robbery offense when he committed the cocaine offense. He maintained that as a result, consecutive sentencing was mandatory and that his concurrent sentences were illegal. The trial court subsequently entered an order appointing counsel to represent the Defendant and scheduling the matter for a hearing.

The Defendant was not present at the hearing on February 13, 2015. His counsel informed the trial court that the Defendant was not incarcerated at the local jail. Counsel later informed the trial court that according to the website for the "Tennessee Felony Offender Lookup Program," the Defendant had been released on parole. Counsel, who had been unable to locate or confer with the Defendant, did not present any evidence regarding the allegations in the motion. After calling out the Defendant's name and receiving no response, the trial court announced that it was dismissing the Defendant's motion. The trial court, however, did not enter a written order dismissing the motion. On March 25, 2015, the Defendant filed a pro se notice of appeal in which he listed his address as a federal penitentiary in Atlanta, Georgia. Counsel continued his representation of the Defendant on appeal.

After the case was submitted to a panel of this court, we entered an order remanding the case to the trial court for entry of a written order disposing of the Defendant's Rule 36.1 motion. The trial court subsequently entered an order dismissing the Defendant's motion due to the Defendant's failure to appear at the hearing.

## ANALYSIS

On appeal, the Defendant contends that he alleged a colorable claim in his motion and that as a result, he was entitled to a hearing on the motion. At the time that the Defendant filed his motion and at the time of his hearing, Rule 36.1 of the Tennessee Rules of Criminal Procedure stated:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.
(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a

-2-

written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1 (2014).[1] A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id.* at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when examining whether a motion states a colorable claim for relief. *Id.*

---

[1] Tennessee Rule of Criminal Procedure 36.1 was amended effective July 1, 2016.

In the present case, the Defendant filed a three-page, pro se motion alleging that he was released on bond for the robbery charge when he was arrested for the cocaine charge and that as a result, consecutive, rather than concurrent, sentencing was mandated. *See* Tenn. R. Crim. P. 32(c)(3)(C) (2014); T.C.A. § 40-20-111(b). The Defendant signed his name as proceeding pro se but did not include his address or any other contact information in his motion. While the trial court did not enter an order specifically finding that the Defendant alleged a colorable claim for relief, the trial court entered an order appointing counsel and scheduling the motion for a hearing. Due to the Defendant's failure to include any contact information in his motion, his counsel was unable to locate him. The only information that counsel was able to obtain regarding the Defendant's location was that he had been released on parole for the offenses. Moreover, the appellate record includes no information regarding the Defendant's address at the time that he filed his motion or at the time of the hearing.

Contrary to the Defendant's claim on appeal, the trial court afforded him a hearing on the motion. However, due to the Defendant's failure to include his address or any other contact information in his motion, counsel was unable to confer with the Defendant or otherwise ensure his appearance at the hearing. No evidence was presented during the hearing establishing that the Defendant received an illegal sentence that was a material component of his guilty plea to the cocaine charge. *See* Tenn. R. Crim. P. 36.1(c) (2014). Therefore, we conclude that the trial court properly dismissed the Defendant's motion.

The State contends that the Defendant is not entitled to relief because his sentences expired while his appeal was pending in this court. Because we have held that the trial court properly dismissed the Defendant's motion, we need not address this issue.

## CONCLUSION

Based upon our review of the record and the applicable law, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE

-4-