IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2017

## STATE OF TENNESSEE v. JESUS BALTAZAR DIAZ RAMOS, AKA ENRIQUE RUANO DIAZ

**Appeal from the Criminal Court for Davidson County**
**No. 2007-A-510      Seth W. Norman, Judge**

_____

**No. M2016-02187-CCA-R3-CD**

_____

Defendant appeals from the denial of his motion pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure in which he sought to correct his allegedly illegal sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Jesus Baltazar Diaz Ramos, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

Over ten and one-half years ago, Defendant, Jesus Baltazar Diaz Ramos, aka Enrique Ruano Diaz, raped a three-year-old female child. The alleged offense date was December 15, 2006, according to the indictment. After a jury trial, Defendant was convicted of aggravated rape of a child, sentenced to forty years as a persistent offender and required to serve 100% of his sentence. This Court affirmed the conviction on appeal. *See State v. Ramos*, 331 S.W.3d 408, 410 (Tenn. Crim. App. 2010).

On August 30, 2016, Defendant filed a motion pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. In the motion, Defendant argued that his sentence was illegal because he was sentenced as a persistent offender. Defendant also argued that the jury was not impartial, that he was improperly classified as a persistent offender, that certain evidence was admitted during trial, and that the indictment was invalid. Defendant attached the affidavit for the arrest warrant to his motion. The affidavit indicated that the offense took place on December 16, 2006.

After reviewing the motion for relief, the trial court denied the motion without a hearing. The trial court found that the only cognizable claim in the motion related to Defendant's offender classification but that Defendant was sentenced according to statute as a Range III offender and required to serve 100% of the sentence. Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant argues that he stated a colorable claim and that the trial court should not have dismissed his motion without a hearing. Defendant again argues that his sentence is illegal because the indictment and arrest warrant were invalid and that he was improperly classified as a persistent offender. The State disagrees.

Rule 36.1 permits a defendant to seek correction of an illegal sentence. "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a) (2015).

While Defendant's sentences are not expired, Rule 36.1 permits only the correction of illegal sentences. Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal), and fatal errors (those so profound as to render a sentence illegal and void). *Id.* at 595. Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed [the] sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.*

First, several of Defendant's claims—including that the affidavit of complaint did not actually evolve into an arrest warrant, that the evidence "did not support the charge of aggravated rape of a child," and that the "indictment . . . did not state all . . . the material facts and circumstances embrace[d] in the charge"—were not raised in the 36.1 motion for relief in the trial court. Generally, issues raised for the first time on appeal are waived. *See Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009). Additionally, Defendant's claim that the trial court lacked jurisdiction because of a discrepancy between the date on the arrest warrant and the date on the indictment is an attack to the validity of the conviction, not his sentence. Rule 36.1 was designed to "provide an avenue for correcting allegedly illegal sentences" rather than challenging the underlying conviction. *State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014), *perm. app. denied* (Tenn. Nov. 19, 2014).

Finally, Defendant's claim that his sentence is excessive or that his offender classification is incorrect is classified as an appealable error and therefore not proper for a Rule 36.1 motion. *See State v. Brian E. Dodson*, No. E2016-00037-CCA-R3-CD, 2016 WL 3131272 (Tenn. Crim. App. Apr. 27, 2016) (holding that claim of an excessive within-range sentence is not cognizable under Rule 36.1), *perm. app. denied* (Tenn. Sept. 23, 2016); *State v. Lionel R. Lindsey*, No. E2014-02096-CCA-R3-CD, 2015 WL 5692072, at *2 (Tenn. Crim. App. Sept. 29, 2015) (determining that errors in offender classification "are not within the purview of . . . Rule 36.1"), *perm. app. denied* (Tenn. Feb. 18, 2016). Therefore, for the purposes of Rule 36.1 review, Defendant has not presented a claim of a "fatal error" that would render his sentence illegal.

*Conclusion*

The trial court properly denied the motion. Defendant is not entitled to relief. The judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE