IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 27, 2018

## STATE OF TENNESSEE v. TRACY LEBRON VICK

**Appeal from the Criminal Court for Hamilton County**
**No. 215412    Don W. Poole, Judge**

_____

### No. E2017-01534-CCA-R3-CD
_____

The Defendant, Tracy Lebron Vick, pleaded guilty to second degree murder and received a forty-year, Range II sentence to be served at 85%. Nineteen years after his sentencing, he filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 alleging that his sentence was illegal because 100% service was statutorily mandated but that the trial court imposed 85% service in his case. The trial court summarily dismissed the motion on the basis that it failed to state a colorable claim.  We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Tracy Lebron Vick, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; M. Neal Pinkston, District Attorney General; for the appellee, State of Tennessee.

### OPINION

The Defendant's conviction relates to the September 20, 1996 death of Melva Moore, whom the Defendant shot as he attempted to enter Ms. Moore's home to rob her boyfriend. The Defendant was charged with first degree murder and agreed to plead guilty to second degree murder as a Range II offender. The court imposed a maximum, forty-year sentence to be served consecutively to the sentence for a prior conviction. A handwritten notation on the judgment states that the Defendant is to serve his sentence "at at least 85% pursuant to [Tennessee Code Annotated section] 40-35-501." The transcript of the guilty plea hearing reflects that the trial court advised the Defendant that he was a Range II offender, that he would "have to serve eighty-five percent of that sentence before [his] release-eligibility date," and that the Defendant acknowledged his understanding.  The transcript of the sentencing hearing reflects the court's comment,

"The law says you're required to serve 35 percent of that [sentence] but another section of the law that was enacted in TCA 40-35-501 says that you will serve 85 percent of that sentence."

The Defendant appealed the length of his sentence and the imposition of consecutive sentencing, and this court affirmed the trial court's judgment. *See State v. Tracy Lebron Vick*, No. 03C01-9803-CR-00100, 1999 WL 652452 (Tenn. Crim. App. Aug. 27, 1999), *perm. app. denied* (Tenn. Feb. 28, 2000). The Defendant later pursued post-conviction relief, which was denied. *See Tracy Lebron Vick v. State*, No. E2002-01761-CCA-R3-PC, 2003 WL 21172319 (Tenn. Crim. App. May 20, 2003), *perm. app. denied* (Tenn. Oct. 6, 2003).

In May 2017, the Defendant filed a petition for post-conviction DNA analysis pursuant to Tennessee Code Annotated sections 40-30-301 to -313. The trial court denied the petition, and the Defendant's appeal is pending in this court. *See Tracy Lebron Vick v. State*, No. E2017-01333-CCA-R3-PC (Tenn. Crim. App. docketed February 27, 2018).

In June 2017, the Defendant filed the present motion for correction of an illegal sentence. *See* Tenn. R. Crim. P. 36.1. He alleged that although 100% service was statutorily mandated for his conviction offense, the sentence he received required 85% service and was, therefore, illegal. The trial court summarily denied the motion on the basis that Rule 36.1 relief was unavailable to a defendant whose plea agreement contained a material component that was illegal but "to the defendant's benefit." *See id.* On appeal, the Defendant contends that the trial court erred in summarily denying his motion without a response from the State, appointment of counsel, and a hearing and that Rule 36.1, Tennessee Code Annotated section 29-21-101, and other unspecified Tennessee laws are unconstitutional because they do not provide him with an avenue for relief.

Tennessee Rule of Criminal Procedure 36.1 provides:

(a)(1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. Except for a motion filed by the state pursuant to subdivision (d) of this rule, a motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires. The movant must attach to the motion a copy of each judgment order at issue and may attach other relevant documents. The motion shall state that it is the first motion for the correction of the illegal

sentence or, if a previous motion has been made, the movant shall attach to the motion a copy of each previous motion and the court's disposition thereof or shall state satisfactory reasons for the failure to do so.

(2) For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b)(1) Notice of any motion filed pursuant to this rule shall promptly be provided to the adverse party. The adverse party shall have thirty days within which to file a written response to the motion.

(2) The court shall review the motion, any response, and, if necessary, the underlying record that resulted in the challenged judgment order. If the court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion.

(3) If the motion states a colorable claim that the unexpired sentence is illegal, the court shall determine if a hearing is necessary. If the court, based on its review of the pleadings and, if necessary, the underlying record, determines that the motion can be ruled upon without a hearing, it may do so in compliance with subdivision (c) of this rule. If the court determines that a hearing is necessary, and if the defendant is indigent and is not already represented by counsel, the court shall appoint counsel to represent the defendant. The court then shall promptly hold a hearing on the motion.

(c)(1) With or without a hearing, if the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) With or without a hearing, if the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall file an order granting the motion and also shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) With or without a hearing, if the court determines that the illegal sentence was entered pursuant to a plea agreement, the court shall

determine whether the illegal aspect of the sentence was a material component of the plea agreement.

(A) If the illegal aspect was not a material component of the plea agreement, the court shall file an order granting the motion and also shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(B) If the illegal aspect was a material component of the plea agreement but the illegal aspect was to the defendant's benefit, the court shall enter an order denying the motion.

(C) If the illegal aspect was a material component of the plea agreement and the illegal aspect was not to the defendant's benefit, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its findings that the illegal aspect was a material component of the plea agreement and was not to the defendant's benefit, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall file an order granting the motion and also shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(d) In any case in which the trial court failed to impose a statutorily required sentence of community supervision for life in conjunction with imposing a non-plea-bargained sentence, the state may file a motion under this rule to correct the omission. Any motion filed pursuant to this subdivision (d) must be filed no later than ninety days after the sentence imposed in the judgment order expires.

(e) An order granting or denying a motion filed under this rule shall set forth the court's findings of fact and conclusions of law as to the matters alleged in the motion.

(f) Upon the filing of an amended uniform judgment document in those proceedings in which the court grants a motion filed under this rule, or upon the filing of an order denying a motion filed under this rule, the

defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

The question of whether a Rule 36.1 motion states a colorable claim is one of law, which we review de novo. *See State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015).

The Defendant complains that his sentence is illegal because the relevant statute required 100% service, but he was sentenced to 85% service. Based upon the record before us, which does not include the plea agreement document, we question the accuracy of the Defendant's assertion that the plea agreement called for 85% service of the sentence, rather than 100% service with the possibility of a 15% reduction due to sentencing credits, as authorized by Code section 40-35-501(i)(2). As we have stated, the judgment specified that the Defendant shall serve his sentence "at at least 85% pursuant to [Tennessee Code Annotated section] 40-35-501."[1] The version of Code section 40-35-501(i)(2) applicable to the Defendant's case provides, in pertinent part, that a person committing second degree murder "shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236, or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%)." T.C.A. § 40-35-501(i)(2) (1997) (amended 1998, 1999, 2001, 2006, 2007, 2009, 2010, 2012, 2013, 2014, 2015, 2016).

That said, resolution of the factual accuracy of the Defendant's assertion regarding the terms of his plea agreement is unnecessary for disposition of this appeal. Even construing the Defendant's allegations as true and assuming that the percentage of service was a material component of the plea agreement, the alleged illegality is in his favor. Subsection (c)(3)(B) states that relief pursuant to Rule 36.1 is not available in this circumstance. *See* Tenn. R. Crim. P. 36.1(c)(3)(B). Thus, the trial court properly denied the motion.

---

[1] After he filed his notice of appeal, the Defendant filed a motion to consider post-judgment facts, in which he alleged that his quarterly sentencing letter, generated by the Tennessee Department of Correction after the trial court's ruling, reflected 100% service of his sentence. He attached the sentencing letter to his motion. This court denied the motion. The Defendant refers to the sentencing letter in his brief. To the extent that the Defendant has a complaint about the contents of the sentencing letter, his avenue for seeking redress lies with the Uniform Administrative Procedures Act and is not a proper subject of this appeal. *See* T.C.A. § 4-5-101 to -325 (Uniform Administrative Procedures Act); *Stewart v. Schofield*, 368 S.W.3d 457, 459 (Tenn. 2012) (stating that the Uniform Administrative Procedures Act governs a challenge to the Department of Correction's computation of an inmate's release eligibility date).

We turn to the Defendant's procedural argument that the trial court erred in summarily denying the motion without requiring a response from the State, appointing counsel, and holding a hearing. Although Rule 36.1 provides thirty days for the adverse party to file a response, nothing in the rule compels the trial court to await a response if no colorable claim is stated. *See id.* The rule permits summary dismissal of a motion which fails to state a colorable claim. *See id.* at (b)(2). Further, the rule states that the court shall determine whether a hearing is necessary "[i]f the motion states a colorable claim," and if the court determines that a hearing is required, it compels the appointment of counsel if the defendant is indigent and unrepresented. *See id.* at (b)(3). In the present case, the court correctly determined that no colorable claim was stated. Thus, neither a hearing nor the appointment of counsel was required. We conclude that the trial court did not err in summarily dismissing the motion without awaiting a response from the State, appointing counsel, and conducting a hearing.

Finally, we address the Defendant's argument that Tennessee Rule of Criminal Procedure 36.1, Tennessee Code Annotated section 29-21-101 (habeas corpus), and unspecified other Tennessee laws are unconstitutional because they do not afford him a means for challenging "a materially impossible illegal and void plea and sentence of which a defendant entered into without any knowledge as to its illegality or no potential for its enforcement." He has raised this issue for the first time on appeal. He has not alleged the constitutional basis upon which he relies, and we decline to speculate in this regard. Further, any challenge to the constitutionality of the habeas corpus statute or other, unspecified statutes is not cognizable in this appeal from the denial of his Rule 36.1 motion.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE