IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs at Knoxville June 25, 2019

## STATE OF TENNESSEE v. DEXTER DEWAYNE ALCORN

**Appeal from the Circuit Court for Montgomery County**
**No. 41100848   William R. Goodman III, Judge**

_____

### No. M2018-01618-CCA-R3-CD

_____

The Defendant, Dexter Dewayne Alcorn, appeals from the Montgomery County Circuit Court's denial of his motion pursuant to Tennessee Rule of Criminal Procedure 36.1. On appeal, he contends that the trial court erred in denying relief on the basis that his dual convictions for aggravated kidnapping and aggravated robbery violate his right to due process and double jeopardy protection. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J. ROSS DYER, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the Appellant, Dexter Dewayne Alcorn.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; John W. Carney, Jr., District Attorney General; Robert Nash, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

According to this court's opinion in the Defendant's previous appeal:

On September 7, 2011, the Defendant was indicted by the Montgomery County Grand Jury for especially aggravated kidnapping and aggravated robbery. On September 17, 2012, he entered an open guilty plea to both counts, with the sentences to be served concurrently and the total sentence to be "capped at 20 [years]." On March 1, 2013, the trial court entered judgments reflecting that the Defendant was sentenced as a Range I, standard offender to concurrent sentences of sixteen years at one

hundred percent for the especially aggravated kidnapping conviction and ten years at eighty-five percent for the aggravated robbery conviction.

*State v. Dexter Dewayne Alcorn*, No. M2016-01678-CCA-R3-CD, 2017 WL 4457596, at *1 (Tenn. Crim. App. Oct. 5, 2017). In 2014, the Defendant filed a pro se "Post-Conviction Motion," in which he requested resentencing as a mitigated offender. The trial court denied the motion as untimely. *See id.* Later in 2014, the Defendant filed a pro se post-conviction petition alleging ineffective assistance of counsel. After post-conviction counsel was appointed, the Petitioner "apparently moved for dismissal" of the petition, which the post-conviction court granted. *See id.* In 2016, the Petitioner filed a pro se motion to withdraw his guilty plea. In the motion, he alleged that he was unjustly sentenced as a Range I offender, rather than as a mitigated offender. The trial court denied the motion. The Defendant filed an untimely appeal, and this court dismissed the appeal on that basis. *Id.* at *1-2.

In December 2017, the Defendant then filed the present "Motion to Vacate, Correct Clerical Error, and/or Otherwise Set Aside an Illegal Sentence." The Defendant alleged he was entitled to relief on various bases pursuant to Tennessee Rule of Criminal Procedure 36.1. As pertinent to this appeal, the Defendant argued that his constitutional right to double jeopardy protection and due process was violated by his dual convictions for aggravated kidnapping and aggravated robbery. The trial court conducted a hearing, at which the Petitioner testified that he thought the convictions should be merged. In a written order, the court noted an error on the judgment form for the aggravated kidnapping conviction. The court entered an amended judgment as to that count. The court concluded, without elaboration, that the remaining issues were without merit. This appeal followed.

Tennessee Rule of Criminal Procedure 36.1 provides, in pertinent part:

(a)(1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. Except for a motion filed by the state pursuant to subdivision (d) of this rule, a motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires. The movant must attach to the motion a copy of each judgment order at issue and may attach other relevant documents. The motion shall state that it is the first motion for the correction of the illegal sentence or, if a previous motion has been made, the movant shall attach to the motion a copy of each previous motion and the court's disposition thereof or shall state satisfactory reasons for the failure to do so.

(2) For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Whether a defendant states a colorable claim is a question of law and is reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 588 (Tenn. 2015). A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id.* at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id.* at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id.*

In his brief, the Defendant argues the basis upon which he contends his dual convictions violate his right to double jeopardy protection and due process, but he does not argue a basis for concluding that he is entitled to have this alleged infirmity in the convictions addressed pursuant to Rule 36.1. The rule is limited to matters related to illegal sentences. The Defendant does not challenge his sentences as being unauthorized by statute or in contravention of an applicable statute. As such, he failed to state a cognizable claim under Rule 36.1 relative to his allegations of violations of his right to double jeopardy protection and due process, and the trial court did not err in denying relief on this basis.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE