IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 23, 2020

**STATE OF TENNESSEE v. GLYN TERRANCE DALE, SR.**

**Appeal from the Criminal Court for Knox County**
**No. 83055      Bob R. McGee, Judge**

**No. E2019-01654-CCA-R3-CD**

FILED

NOV 1 0 2020

Clerk of the Appellate Courts
Rec'd by_____

The Appellant, Glyn Terrance Dale, Sr., appeals as of right from the Knox County Criminal Court's summary denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The Appellant contends that: (1) the trial court erred by increasing the Appellant's sentence at the resentencing hearing; (2) counsel abandoned him during his resentencing hearing; and (3) the trial court abused its discretion. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Glyn Terrance Dale, Sr., Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; T. Austin Watkins, Assistant Attorney General; and Charme P. Allen, District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**FACTUAL BACKGROUND**

In 2007, the Appellant was convicted by a Knox County Criminal Court jury of two counts of rape of a child, a Class A felony. See Tenn. Code Ann. § 39-13-522. Following a sentencing hearing, the trial court sentenced the Appellant to twenty years for each count, to be served concurrently. On direct appeal, the Appellant's convictions were affirmed, but the case was remanded for a new sentencing hearing because the Appellant did not

properly execute a written waiver of his ex post facto protections. See State v. Glyn Dale, No. E2008-01139-CCA-R3-CD, 2010 WL 1241601, at *1 (Tenn. Crim. App. Mar. 31, 2010), perm. app. denied (Tenn. Aug. 25, 2010).

During the Appellant's resentencing hearing, he executed a written waiver of his ex post facto protections to be sentenced pursuant to the revised Sentencing Act as enacted by the Tennessee General Assembly in 2005. The Appellant was sentenced to twenty-five years for each count, to be served concurrently. The Appellant argued on direct appeal that his revised sentences were excessive, but this court affirmed. See State v. Glyn Dale, No. E2010-01824-CCA-R3-CD, 2012 WL 335460, at *1 (Tenn. Crim. App. Feb. 1, 2012), perm. app. denied (Tenn. May 16, 2012).

Subsequently, the Appellant filed a petition for post-conviction relief, alleging ineffective assistance of counsel at trial. His petition was denied. This court affirmed. Glyn Terrance Dale, Sr. v. State, No. E2014-00552-CCA-R3-PC-, 2014 WL 7402155, at *1 (Tenn. Crim. App. Dec. 29, 2014), perm. app. denied (Tenn. Mar. 16, 2015).

On June 3, 2019, the Appellant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that the two twenty-five-year sentences were illegal because the trial court did not have the authority to modify the Appellant's sentences once he began serving them. The trial court summarily denied the motion. The Appellant timely appealed.

On appeal, the Appellant argues that the two concurrent twenty-five-year sentences were illegal because "the [trial] judge did not give a reason for the increase of the sentence." He argues that although he executed a written waiver of his ex post facto protections, this waiver "does not change long existing laws that already exist for those who [have] already started serving their sentence time" and that he could not be sentenced to more than his two concurrent twenty-year sentences under the version of the Sentencing Act in effect in 2004. He also argues that his counsel abandoned him at the resentencing hearing. Finally, he argues that the trial court "abused its discretion" during resentencing.

The State argues that the Appellant has failed to state a cognizable claim for Rule 36.1 relief.

Rule 36.1 provides, in part, as follows:
(a)(1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. Except for a motion filed by the state pursuant to subdivision (d) of this rule, a motion to correct an illegal

-2-

sentence must be filed before the sentence set forth in the judgment order expires. . .

(b)(2) For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

A Rule 36.1 motion is a remedy separate and distinct from habeas corpus or post-conviction relief. See State v. Jonathan T. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014). As such, a Rule 36.1 motion should only be summarily denied where the motion fails to state a colorable claim for relief. This court has defined a colorable claim as a claim "that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief." State v. David Morrow, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug. 13, 2014) (quoting Tenn. Sup. Ct. R. 28, § 2(H)) (brackets and alterations in original).

The following are examples of illegal sentences:

(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [Release Eligibility Date (RED)] where a RED is specifically prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute.

Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010) (internal citations omitted).

The 2005 Sentencing Act provides that "offenses committed prior to June 7, 2005, shall be governed by prior law, which shall apply in all respects." State v. Quincy Bryan Banks, No. M2007-00545-CCA-R3-CD, 2008 WL 1699440, at *7 (Tenn. Crim. App. Apr. 11, 2008). Should a defendant "elect to be sentenced under the 2005 amendment, he must execute a waiver of his ex post facto protections in order to make such an election." See State v. Watkins, 362 S.W.3d 530, 559 n.49 (Tenn. 2012) (citing Act of May 18, 2005, ch. 353, sec. 18, 2005 Tenn. Pub. Acts 788, 796).

Even if the Appellant's arguments about the imposition of his sentences and performance of his lawyer were taken as true, they would not present a colorable claim that his sentences for his 2007 rape of a child convictions were illegal. "'[A]ttacks on the correctness of the methodology by which a trial court imposed [a] sentence. . .' will not rise to the level of an illegal sentence." State v. Carl Hall, No. W2016-00915-CCA-R3-CD, 2017 WL 1093991, at *2 (Tenn. Crim. App. Mar. 22, 2017) (quoting State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015)). The Appellant's challenges to his sentence for his 2007 rape of a child convictions do not fall under any of the examples listed in Davis.

Any error by the trial court in its methodology used to determine the appropriate sentences should have been addressed on direct appeal. Likewise, complaints about his lawyer's performance were properly addressed in a petition for post-conviction relief. These alleged errors do not create a sentence that is not authorized by the applicable statutes or that directly contravenes an applicable statute. We conclude that the Appellant's Rule 36.1 motion failed to state a colorable claim for relief and affirm the trial court's denial of the motion.

_____
D. KELLY THOMAS, JR., JUDGE