# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 11, 2022

## STATE OF TENNESSEE v. MILTON KEITH PERKINS

### Appeal from the Criminal Court for Davidson County
### No. 2001-A-534      Angelita Blackshear Dalton, Judge

_____

### No. M2021-01112-CCA-R3-CD
_____

On May 24, 2021, the Defendant, Milton Keith Perkins, filed a motion pursuant to Tennessee Rule of Appellate Procedure 36.1 seeking to correct an illegal sentence. He alleged that his negotiated Tennessee sentence was illegal because the judgment indicated it should be served "consecutively to any present sentence including Texas parole," but his Texas sentence was adjudicated after the Tennessee conviction. The trial court summarily denied the Defendant's motion for failure to state a colorable claim. On appeal, the Defendant contends that the trial court erred when it denied his motion. After a thorough review of the record and applicable authorities, we affirm the trial court's judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR. and JOHN W. CAMPBELL, SR., JJ., joined.

Milton Keith Perkins, Whiteville, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Janice Norman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

This case arises from the Defendant's conviction for aggravated robbery of a gas station. A Davidson County grand jury indicted the Defendant on one count of aggravated robbery. On January 23, 2002, the Davidson County Criminal Court accepted the Defendant's guilty plea to one count of aggravated robbery and sentenced the petitioner as a Range III, persistent offender to twenty years to be served consecutively to a Texas

sentence. *Milton Perkins v. State*, No. M2005-01762-CCA-R3-PC, 2006 WL 1168849, at *1 (Tenn. Crim App., at Nashville, May 3, 2006), *perm. app. denied* (Tenn. Sept. 25, 2006).

The Defendant subsequently filed a petition for post-conviction relief in which he alleged that his trial counsel was ineffective. *Id.* Among other arguments and as relevant to this appeal, the Defendant contended that his counsel failed to advise him that he must serve his entire forty-year sentence from Texas before he began serving his twenty-year sentence from Tennessee. *Id.* at *5. In our decision on his appeal, we stated and held:

> The trial court addressed this issue in its order denying the petition for post-conviction relief. The trial court stated that:
>
>> The Court finds that [the attorney] informed the [Defendant] that Tennessee law required that the sentence he [received] for the conviction of Aggravated Robbery to be served consecutively to his current sentence in Texas, because he committed the offense while on parole out of Texas. The Court finds that the [Defendant] acknowledged this fact in his signed statement . . . . The Court is of the opinion that the [Defendant] was fully appraised of the fact that he would be required to serve his sentence consecutively to his forty year Texas sentence. The Court is of the opinion that this allegation is without merit.
>
> Initially, we note that the [Defendant] failed to include a copy of the guilty plea hearing transcript in the record. However, the plea petition form was entered as an exhibit at the post-conviction hearing. The plea petition states the [Defendant] was entering a plea to aggravated robbery with a twenty-year sentence to be served at forty-five percent "consecutive to Texas." The [Defendant] acknowledged in his affidavit that he discussed consecutive sentencing with the attorney. He stated that
>
>> [The attorney] told me that according to Tennessee law that if a person was on parole, probation or out on bond and they got another case/conviction that the new sentence would have to be ran [sic] consecutive to the original one. I told [the attorney] that I was unsure of the Tennessee laws and that just didn't sound right and I wasn't sure what exactly it meant.
>
> The [Defendant's] attorney testified she explained to the [Defendant] the sentence would be served consecutively to his Texas sentence. The trial court accredited the testimony of the [Defendant's] attorney. We conclude the [Defendant] has failed to prove by clear and convincing evidence that his

2

attorney's performance was deficient, and the [Defendant] is not entitled to relief on this issue.

*Id.*

On May 24, 2021, fifteen years after his post-conviction petition was decided, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Appellate Procedure 36.1.  In it, he alleged that his sentence was illegal because the trial court had ordered that his Tennessee sentence be served consecutively to his Texas sentence, which he alleged occurred after the Tennessee offense.

Attached to the Rule 36.1 motion, is a transcript of the hearing on the petition for post-conviction relief.  In it, the Defendant's attorney informed the trial court that the Defendant was serving a forty-year sentence in the Texas Department of Corrections.  Post-conviction counsel said, "[the Defendant] was on parole for that at the time and plea[ded] guilty in this court and he was unable to be brought in because of some post-conviction proceeding."  During the hearing, Counsel testified that the Defendant pleaded guilty to aggravated robbery on January  23, 2002, and received a negotiated sentence of twenty years, to be served at forty-five percent.  That sentence was ordered to run consecutively with his Texas parole.  The State indicated that, because the Defendant was on parole in Texas at the time he committed the instant offense, consecutive sentencing was mandated by law.

Counsel noted that the Defendant was in Texas custody when details of this offense ran on a show called "Crime Stoppers."  From the show, there was a caller who identified the Defendant as the perpetrator of this offense.  In Counsel's opinion, the Defendant understood that, because he was on parole in Texas when this offense occurred, his sentence would have to run consecutively to his Texas sentence.

Also attached to the Rule 36.1 motion, is the petition to enter a plea of guilty.  On it, the Defendant signed that his sentence would run "consecutive[ly] to Texas (any present sentence)."

In the Defendant's Rule 36.1 motion, the Defendant stated his reasons for relief.  He argued that he committed the crime in Texas *after* he committed the crime in Tennessee.  He stated that his Texas offense occurred on March 21, 2000, almost a month after his Tennessee offense, which occurred on February 23, 2000.  He acknowledged that he was convicted in Texas first but said that he was serving a "much larger sentence of 40 years than what [sic] was serving on parole and therefore was serving a new sentence."

After scouring the record, it appears that the Defendant was convicted of some offense in Texas and was released on parole and traveled to Tennessee.  On February 23, 2000, he committed an armed robbery in Tennessee.  Before being caught, he returned to

3

Texas and committed another offense in Texas on March 21, 2000. The Defendant was apprehended for the March Texas offense and confined. He then immediately began serving the remainder of his parole sentence from the original Texas conviction.

The Defendant then pleaded guilty to the Tennessee offense on January 23, 2002 and accepted a sentence that ran consecutive to his Texas parole sentence. Sometime later, he pleaded guilty to the second Texas offense, for which he received a "much larger" sentence.

Based upon the record before it, the trial court summarily dismissed the Defendant's Rule 36.1 motion, finding that the Defendant "raised no colorable claim, and his plea was previously determined to be voluntary and made with the assistance of effective counsel." It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it summarily dismissed his Rule 36.1 motion because his sentence is illegal. The State counters that the trial court did not err because the Defendant did not raise a cognizable claim for relief.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence. "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The *Wooden* court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.* A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

Initially, we note the procedural deficiencies in the Defendant's motion to correct an illegal sentence. First, there is no documentation included about the first Texas conviction or sentence for which the Defendant was on parole at the time of the subsequent two offenses. There is no documentation about the length and duration of that parole.

4

Second, there is no documentation about the date of the second Texas offense, which he states occurred on March 21, 2000, other than his bare allegation. This alone is a sufficient basis to summarily dismiss the Rule 36.1 motion. It is unclear, and certainly not documented whether, if the Defendant is confined in Texas on his parole sentence or his second "much larger" sentence.

We also agree, however, with the trial court that the Defendant has failed to state a cognizable claim. The Defendant entered a guilty plea that included that his sentence would run consecutively to any "present" sentence in Texas. It appears from the filing and the record that he is confined in Texas. There is nothing to indicate that his Tennessee sentence is illegal. The Defendant is not entitled to relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's summary dismissal of the Defendant's Rule 36.1 motion to correct an illegal sentence.

_____
ROBERT W. WEDEMEYER, JUDGE