IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 29, 2025

## STATE OF TENNESSEE v. DAMON BRIDGES

**Appeal from the Criminal Court for Sullivan County**
**No. S68722   William K. Rogers, Judge**

_____

**No. E2024-01630-CCA-R3-CD**

_____

In 2021, the Defendant, Damon Bridges, pled guilty to multiple drug-related offenses, including several that were subject to enhanced penalties under the Drug-Free Zone Act. The trial court imposed an effective sentence of eight years' incarceration. In 2024, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, asserting that later amendments to the Drug-Free Zone Act rendered his sentence unlawful. The trial court summarily denied the Defendant's request for relief, and the Defendant appealed. Upon our review, we respectfully affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which JILL BARTEE AYERS and KYLE A. HIXSON, JJ., joined.

Damon Bridges, Hartsville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; Barry P. Staubus, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL BACKGROUND**

In June 2017, the Defendant committed a series of drug-related offenses in Sullivan County. On July 22, 2021, he pled guilty to sixteen offenses involving the sale and delivery of fentanyl, cocaine, and heroin. Four of these pleas involved the sale and delivery of fentanyl and cocaine within 1,000 feet of a childcare agency, carrying enhanced penalties under the Drug-Free Zone Act ("DFZ Act"). *See* Tenn. Code Ann. § 39-17-432 (2018). Pursuant to the plea agreement, the trial court imposed an effective sentence of eight years of confinement in the Tennessee Department of Correction, to be followed by ten years of supervised probation.

On July 3, 2024, nearly three years later, the Defendant filed a pro se motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1. He argued that his sentences were illegal in light of amendments to the DFZ Act enacted in 2020 and 2022. These amendments reduced the protected zone from 1,000 feet to 500 feet and created a procedure for resentencing under the revised statute. *See* Tenn. Code Ann. § 39-17-432(b)(1)(B), (h) (Supp. 2022). The Defendant maintained that, as amended, the DFZ Act no longer applied to his convictions and that Rule 36.1 entitled him to relief.

On September 13, 2024, the trial court entered a written order summarily denying the Defendant's Rule 36.1 motion. The court found that the sentence imposed pursuant to the plea agreement was not an illegal sentence and that the relief sought was not cognizable under Rule 36.1. The Defendant filed a timely notice of appeal. *See* Tenn. R. App. P. 4(a); 20(g).[1]

---

[1] In this case, the deadline for filing the notice of appeal was October 13, 2024. *See* Tenn. R. App. P. 4(a). The State observes that the notice was not file-stamped until October 28, 2024, and argues that the appeal is untimely. However, Tennessee Rule of Appellate Procedure 20(g) provides that when an appellant is incarcerated, a filing is deemed timely if it is delivered to the appropriate correctional official within the prescribed time. Although the record does not reflect the precise date on which the Defendant delivered his notice to personnel at the Trousdale Turner Correctional Center, the envelope bears a postmark of October 11, 2024. As such, because the notice of appeal must have been delivered to the appropriate official on or before that date, we conclude that the notice was timely filed.

## STANDARD OF APPELLATE REVIEW

With respect to every issue on appeal, our supreme court has recognized that a reviewing court must ask, "[W]hat is the appropriate standard of review?" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). The principal issue in this case is whether the trial court properly found that the Defendant failed to state a colorable claim for relief under Tennessee Rule of Criminal Procedure 36.1. This question is one of law that we review de novo on appeal. *See State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015); *State v. Pettie*, No. M2024-00558-CCA-R3-CD, 2024 WL 5075376, at *2 (Tenn. Crim. App. Dec. 11, 2024), *no perm. app. filed*.

## ANALYSIS

In this appeal, the Defendant contends that his sentences are illegal under Tennessee Rule of Criminal Procedure 36.1. He argues that amendments to the DFZ Act, which reduced the protected zone and created a resentencing mechanism, eliminated the statutory basis for his sentences and now entitle him to relief. He further contends that the trial court erred in summarily dismissing his motion without appointing counsel or holding a hearing. The State responds that the Defendant has not stated a colorable claim, asserting that his sentences arose from a valid plea agreement, fall within the statutory range, and remain lawful despite the amendments. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1 provides that a defendant "may seek to correct an illegal sentence by filing a motion . . . in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a)(1). An illegal sentence is "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). If the trial court "determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion." Tenn. R. Crim. P. 36.1(b)(2). A "colorable claim" means "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593.

Our supreme court has also observed that "few sentencing errors render sentences illegal." *Id.* at 595. Sentencing errors may be clerical, appealable, or fatal, but "only fatal errors render sentences illegal." *State v. Reid*, 620 S.W.3d 685, 689 (Tenn. 2021) (citation and internal quotation marks omitted). These fatal errors may include sentences imposed pursuant to an inapplicable statutory scheme and those not authorized by any statute for

the offenses. *Wooden*, 478 S.W.3d at 595. Conversely, a sentence imposed within the statutory framework pursuant to a valid plea agreement does not constitute an "illegal sentence" under Rule 36.1. *See id.* at 594-95.

In this case, the Defendant was originally sentenced pursuant to a negotiated plea agreement that resolved multiple felony drug charges, including offenses subject to enhanced punishment under the DFZ Act. With respect to the DFZ Act cases, the trial court imposed concurrent sentences of five years and six months. The Defendant takes no issue with these sentences as they were originally imposed. However, he contends that later amendments to the DFZ Act eliminated the statutory basis for his sentences and render his original sentences illegal. He argues, therefore, that he is entitled to resentencing under the amended DFZ Act. We respectfully disagree.

This court's decisions make clear that the Defendant's arguments are without merit. We first addressed this issue in *Collier v. State*, No. M2021-00209-CCA-R3-PC, 2022 WL 678981 (Tenn. Crim. App. Mar. 8, 2022), *no perm. app. filed.* There, the petitioner claimed that the 2020 amendments to the DFZ Act reduced his original punishment and therefore rendered his sentence "illegal" under Rule 36.1. We rejected that position, emphasizing that the Petitioner's sentence was a lawful sentence when it was imposed, despite later legislative changes to the DFZ Act. *See id.* at *18. Accordingly, we held that the Petitioner's sentence was not an illegal sentence under Rule 36.1. *See id.*

We reaffirmed that reasoning in *State v. Reeves*, No. E2024-01052-CCA-R3-CD, 2025 WL 401101 (Tenn. Crim. App. Feb. 4, 2025), *perm. app. denied* (Tenn. May 23, 2025). There, the defendant filed a Rule 36.1 motion based on the amendments to the DFZ Act. As in this case, the defendant there argued that the reduction of the protected zone to 500 feet and the addition of a resentencing provision entitled him to relief. We rejected that argument, explaining that his sentences were not illegal because they were "authorized and required by statute at the time of the offenses." *Id.* at *2. In addition, we specifically held that the amendments to the DFZ Act did "not render the [d]efendant's previously imposed mandatory minimum service requirement illegal." *Id.* at *3.

Taken together, *Collier* and *Reeves* establish two principles fatal to the Defendant's claim. First, a sentence that is lawful when imposed does not become illegal simply because the legislature later reduces or alters the punishment for the same conduct. Second, the DFZ Act now provides a specific resentencing mechanism in Tennessee Code Annotated section 39-17-432(h). That provision supplies the exclusive avenue for

resentencing relief under the DFZ Act amendments, and Rule 36.1 cannot be used to bypass or expand it.  Because the Defendant has failed to state a colorable claim for relief pursuant to Rule 36.1, he is not entitled to relief.

Finally, the Defendant argues that the trial court erred in summarily denying his motion without appointing counsel or conducting a hearing.  But the rule is clear: a trial court must appoint counsel only if the motion states a colorable claim and a hearing is necessary.  Tenn. R. Crim. P. 36.1(b)(3).  Because the Defendant's motion failed to state a colorable claim, the trial court had both the authority and the obligation to summarily dismiss it.  Tenn. R. Crim. P. 36.1(b)(2).  This issue is without merit.

## CONCLUSION

In summary, we hold that the Defendant's sentence is not illegal, as it was authorized by law when imposed and was not affected by later statutory amendments to the Drug-Free Zone Act.  Accordingly, we respectfully affirm the trial court's judgment denying the Defendant's motion for relief pursuant to Tennessee Rule of Criminal Procedure 36.1.

s/ *Tom Greenholtz*
TOM GREENHOLTZ, JUDGE