IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 7, 2025

**STATE OF TENNESSEE v. KEVIN MCDOUGLE**

**Appeal from the Criminal Court for Shelby County
Nos. 06-04208, 06-04209   W. Mark Ward, Judge**

_____

**No. W2024-01792-CCA-R3-CD**

_____

In 2024, the Defendant, Kevin McDougle, filed his eighth motion pursuant to Tennessee Rule of Appellate Procedure 36.1 seeking to correct an illegal sentence. The trial court summarily denied the Defendant's motion for failure to state a colorable claim. On appeal, the Defendant contends that the trial court erred when it denied his motion. After a thorough review of the record and applicable authorities, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, P.J., delivered the opinion of the court, in which TIMOTHY L. EASTER and JOHN W. CAMPBELL, SR., JJ., joined.

Kevin McDougle, Wartburg, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Johnny Cerisano, Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

This case stems from the Defendant's robbery of a grocery store (Case No. 06-04208) on October 20, 2005, and robbery of a taxicab (Case Nos. 06-04209 and 07-01739) on October 25, 2005. In Case No. 06-04208, a jury convicted the Defendant of one count of aggravated robbery, a Class B felony, and two counts of aggravated assault, a Class C felony, and the trial court sentenced him to an effective sentence of twenty-four years. In Case Nos. 06-04209 and 07-01739, the jury convicted the Defendant of two counts of aggravated robbery, a Class B felony, one count of aggravated assault, a Class C felony (Case No. 06-04209), and one count of unlawful possession of a handgun, a Class E felony

(Case No. 07-01739). For these convictions, the trial court ordered an effective sentence of thirty-two years.

The Defendant appealed the convictions in Case No. 06-04208, and this court affirmed the judgments. *State v. McDougle*, No. W2009-01648-CCA-R3-CD, 2010 WL 2490752, at *1 (Tenn. Crim. App. June 11, 2010), *no perm. app. filed.* The Defendant also appealed the convictions in Case Nos. 06-04209 and 07-01739, and this court affirmed the judgments. *State v. McDougle*, No. W2007-01877-CCA-R3-CD, 2010 WL 221959, at *1 (Tenn. Crim. App. May 24, 2010), *no perm. app. filed*. The Defendant filed a petition for post-conviction relief, claiming the two attorneys who represented him on each respective case were ineffective. *McDougle v. State*, W2011-01430-CCA-R3-PC, 2012 WL 12932002, at *1 (Tenn. Crim. App. June 27, 2012), *no perm. app. filed*. After an evidentiary hearing, the post-conviction court dismissed the petition. *Id.* On appeal, this court affirmed the post-conviction court's denial of relief. *Id.*

Beginning in 2018, the Defendant filed eight Tennessee Rules of Criminal Procedure 36.1 motions to correct an illegal sentence. In October 2024, the Defendant filed his eighth motion, which is the subject of this appeal, pursuant to Tennessee Rule of Criminal Procedure 36.1 to correct his alleged illegal sentence. In the Defendant's motion, he raised numerous constitutional challenges. On April 10, 2025, the trial court summarily issued an order denying the Defendant's requested relief. As grounds for the dismissal, the trial court found that the Defendant had failed to state a colorable claim for which relief could be granted.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it summarily dismissed his motion. He maintains that his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution were violated by prosecutorial misconduct and ineffective assistance of counsel. The State responds that, because none of the Defendant's claims render his sentence illegal, the trial court properly dismissed his motion. We agree with the State.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence. "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The *Wooden*

court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id*. Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id*. In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id*. The court held that only fatal errors render sentences illegal. *Id*. A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

Here, even considering the Defendant's allegations to be true, Rule 36.1 does not afford him relief. The Defendant's claims are all constitutional challenges. Errors implicating constitutional violations, however, render judgments voidable, not void, and are not colorable claims under Rule 36.1. *See State v. Washington*, No. W2016-00413-CCA-R3-CD, 2017 WL 2493685, *2 (Tenn. Crim. App. June 9, 2017), *perm. app denied* (Tenn. Oct. 4, 2017) (citing *State v. Taylor*, No. W2015-01831-CCA-R3-CD, 2016 WL 3883566, at *4 (Tenn. Crim. App. June 6, 2016) *perm. app. denied*).

We conclude that the trial court's denial on the basis that the Defendant has failed to state a colorable claim was proper. The Defendant is not entitled to relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's summary dismissal of the Defendant's Rule 36.1 motion to correct an illegal sentence.

S/ *ROBERT W. WEDEMEYER*
ROBERT W. WEDEMEYER, PRESIDING JUDGE
